[Cite as *Vintilescu v. Schaffner*, 2017-Ohio-924.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| NICOLAE VINTILESCU, Trustee of the Vintilescu Family Trust, et al. | ) ) ) | |
| PLAINTIFFS-APPELLEES | ) ) | CASE NO. 15 BE 0002 |
| VS. | ) ) | OPINION |
| DAVID K. SCHAFFNER, et al. | ) ) ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:  Civil Appeal from the Court of Common Pleas of Belmont County, Ohio Case No. 13 CV 385

JUDGMENT:  Reversed and Remanded.

APPEARANCES:
For Plaintiffs-Appellees  Attorney John Estadt
Attorney Kyle Bickford
46457 National Road West
St. Clairsville, Ohio 43950

For Defendants-Appellants  Attorney David Schaffner
132 Fair Avenue, N.W.
New Philadelphia, Ohio 44663

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: March 13, 2017

DeGENARO, J.

{¶1} Defendants-Appellants, David K. Schaffner, et al., appeal the trial court's decision to apply the 1989 version of R.C. 5301.56, Ohio's Dormant Mineral Act, and thereby granting summary judgment in favor of Plaintiffs-Appellees, Nicolae Vintilescu, Trustee of the Vintilescu Family Trust, et al.

{¶2} It was error for the trial court to resolve this action by applying the 1989 version of R.C. 5301.56 as the Ohio Supreme Court recently held the 2006 version controls. Accordingly, the trial court's judgment is reversed and the case remanded for the trial court to apply the 2006 version of R.C. 5301.56, pursuant to the Ohio Supreme Court's recent rulings regarding the DMA.

{¶3} Appellees are the surface owners of certain real property in Belmont County. On October 21, 2013, Appellees filed a complaint against Appellants for, inter alia, quiet title. Underlying their claims was Appellees' assertion that R.C. 5301.56 operated to extinguish Appellants' severed mineral interests in that real property. Appellants filed an answer and counterclaim. Appellees filed a Civ.R. 12(C) motion for judgment on the pleadings. One of the disputed issues was whether the 1989 or 2006 version of R.C. 5301.56 controlled.

{¶4} On December 18, 2014, the trial court granted Appellees' motion for judgment on the pleadings; in doing so it applied the 1989 version only and dismissed Appellants' counterclaim. This appeal had been stayed on February 9, 2015 pending the Ohio Supreme Court's decision in multiple cases regarding, inter alia, whether the 1989 or the 2006 version of R.C. 5301.56 controls.

{¶5} In *Corban v. Chesapeake Exploration, L.L.C.*, Slip Opinion No. 2016-Ohio-5796 (Sept. 15, 2016), ¶ 2, the Court held "the 2006 version of the Dormant Mineral Act, which is codified at R.C. 5301.56, applies to all claims asserted after June 30, 2006[.]" On October 11, 2016, this case was returned to the active docket.

{¶6} Appellants assert the following assignments of error:

The trial court erred in applying the 1989 version of the Ohio Dormant Mineral Act to the subject case.

The trial court erred in determining that the 1989 Dormant Mineral Act "automatically" vested the mineral interest in the surface owners.

**{¶7}** In *Corban,* the Ohio Supreme Court held the 2006 version of R.C. 5301.56 controlled, reasoning in pertinent part:

In accord with this analysis, we conclude that the 1989 law was not self-executing and did not automatically transfer ownership of dormant mineral rights by operation of law. Rather, a surface holder seeking to merge those rights with the surface estate under the 1989 law was required to commence a quiet title action seeking a decree that the dormant mineral interest was deemed abandoned.

\* \* \*

Dormant mineral interests did not automatically pass by operation of law to the surface owner pursuant to the 1989 law. Thus, as of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288. These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Id.* at ¶ 28, 31.

**{¶8}** This case was filed with the trial court well after June 30, 2006. Granting judgment on the pleadings, the trial court only discussed and relied upon facts within the 20 years prior to the effective date of the 1989 version, or within the three-year statutory grace period ending March 22, 1992, and applied its interpretation of the 1989 version of R.C. 5301.56 to those facts. There was no discussion of the law or the facts relative to the 2006 version of R.C. 5301.56 by the

trial court.

{¶9} That Appellees brought their complaint under the 1989 version does not change the outcome. In *Albanese v. Batman*, Slip Opinion No. 2016-Ohio-5814, ¶ 16-22 (Sept. 15, 2016), the Ohio Supreme Court concluded the 2006 version of R.C. 5301.56 applied, notwithstanding that plaintiffs' claims were originally framed under the 1989 version.

{¶10} Pursuant to *Corban*, the trial court erred by applying the 1989 version of R.C. 5301.56 and granting judgment on the pleadings in favor of Appellees on that basis. Accordingly, Appellants' assignments of error are meritorious. The judgment of the trial court is reversed, Appellants' counterclaim is reinstated, and the case is remanded in order for the trial court to apply the 2006 version of R.C. 5301.56, pursuant to the Ohio Supreme Court's recent rulings regarding the DMA, including, inter alia, *Corban,* to all the parties' claims.

Donofrio, J., concurs.

Robb, P. J., concurs.