[Cite as *Gentile v. Ackerman*, 2017-Ohio-798.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ANTHONY M. GENTILE, et al. | ) | |
| | ) | |
| PLAINTIFFS-APPELLEES | ) | |
| | ) | CASE NO. 14 MO 0004 |
| VS. | ) | |
| | ) | OPINION |
| GEORGE ACKERMAN, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:  Civil Appeal from the Court of Common
Pleas of Monroe County, Ohio
Case No. 2012-110

JUDGMENT:  Reversed and Remanded.

APPEARANCES:
For Plaintiffs-Appellees  Attorney Craig Sweeney
122 North Main Street
Woodsfield, Ohio 43793

For Defendants-Appellants  Attorney Gregory Brunton
65 East State Street, 4th Floor
Columbus, Ohio 43215-4227

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: March 6, 2017

DeGENARO, J.

**{¶1}** Defendants-Appellants, George Ackerman, et al., appeal the trial court's decision applying the 1989 version of R.C. 5301.56, Ohio's Dormant Mineral Act, and granting judgment in favor of Plaintiff-Appellees, Anthony Gentile, et al.

**{¶2}** It was error for the trial court to resolve this action by applying the 1989 version of R.C. 5301.56 as the Ohio Supreme Court recently held the 2006 version controls. Accordingly, the judgment of the trial court is reversed, and the case remanded for the trial court to apply the 2006 version of R.C. 5301.56, pursuant to the Ohio Supreme Court's recent rulings regarding the DMA.

**{¶3}** Appellees are the surface owners of certain real property in Monroe County. In 2012, Appellees filed an original and amended complaint pursuant to the Ohio Marketable Title Act, R.C. 5301.47-5301.55 and the 1989 version of R.C. 5301.56, asserting that the DMA operated to have the severed oil and gas interests of Appellees deemed abandoned. Central to the parties' dispute was whether the 1989 or 2006 version of R.C. 5301.56 controlled resolution of the case.

**{¶4}** After a procedurally complex path, on February 27, 2014, the trial court granted judgment in favor of Appellees; in doing so the trial court applied the 1989 version of R.C. 5301.56 only, further finding that all "remaining arguments and positions [raised by the parties] to be moot." This appeal was stayed pending the Ohio Supreme Court's decision in multiple cases regarding, inter alia, whether the 1989 or the 2006 version of R.C. 5301.56 controls.

**{¶5}** In *Corban v. Chesapeake Exploration, L.L.C.*, Slip Opinion No. 2016-Ohio-5796 (Sept. 15, 2016), ¶ 2, the Court held "the 2006 version of the Dormant Mineral Act, which is codified at R.C. 5301.56, applies to all claims asserted after June 30, 2006[.]" On November 2, 2016, this case was returned to the active docket.

**{¶6}** In their sole assignment of error, Appellants assert:

> The trial court erred in granting appellees' motion for summary judgment and denying appellants' motion for summary judgment.

**{¶7}** In *Corban* the Ohio Supreme Court held the 2006 version of R.C.

5301.56 controlled, reasoning in pertinent part:

> In accord with this analysis, we conclude that the 1989 law was not self-executing and did not automatically transfer ownership of dormant mineral rights by operation of law. Rather, a surface holder seeking to merge those rights with the surface estate under the 1989 law was required to commence a quiet title action seeking a decree that the dormant mineral interest was deemed abandoned.
>
> * * *
>
> Dormant mineral interests did not automatically pass by operation of law to the surface owner pursuant to the 1989 law. Thus, as of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288. These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Id.* at ¶ 28, 31.

{¶8} This case was filed with the trial court well after June 30, 2006. Granting judgment in favor of Appellees, the trial court only discussed and relied upon facts within the 20 years prior to the effective date of the 1989 version, or within the three-year statutory grace period ending March 22, 1992, and applied its interpretation of the 1989 version of R.C. 5301.56 to those facts. There was no discussion of the law or the facts relative to the 2006 version.

{¶9} Pursuant to *Corban*, the trial court erred by applying the 1989 version and granting judgment in favor of Appellees on that basis.

{¶10} The fact that Appellees brought their complaint under the 1989 version of the statute does not change the outcome. In *Albanese v. Batman*, Slip Opinion No.

2016-Ohio-5814, ¶ 16-22 (Sept. 15, 2016), the Ohio Supreme Court concluded that the 2006 version of R.C. 5301.56 applied, notwithstanding the fact that plaintiffs' claims were originally framed under the 1989 version.

{**¶11**} Accordingly, Appellants' sole assignment of error is meritorious. The judgment of the trial court is reversed, and the case remanded for the trial court to apply the 2006 version of R.C. 5301.56 pursuant to the Ohio Supreme Court's recent rulings regarding the DMA, including, inter alia, *Corban*.

Donofrio, J., concurs.

Robb, P. J., concurs.