[Cite as *Myers v. Bedway Land*, 2017-Ohio-1256.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBERT B. MYERS, et al., | ) | CASE NO. 14 HA 0012 |
| | ) | |
| PLAINTIFFS-APPELLEES, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BEDWAY LAND AND MINERALS | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common
Pleas of Harrison County, Ohio
Case No. CVH 2012-0120

JUDGMENT:    Reversed and Remanded.

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 29, 2017

[Cite as *Myers v. Bedway Land*, 2017-Ohio-1256.]

APPEARANCES:

For Plaintiffs-Appellees:

Atty. James F. Mathews
Atty. Robert J. Tscholl
Baker, Dublikar, Beck,
Wiley & Mathews
400 South Main Street
North Canton, Ohio 44720

For Defendants-Appellants:

Atty. T. Owen Beetham
146 South Main St.
P.O. Box 128
Cadiz, Ohio 43907

Atty. Rupert Beetham
110 South Main St.
P.O. Box 262
Cadiz, Ohio 43907

ROBB, P.J.

**{¶1}** Defendant-Appellant Thomas Mark Beetham appeals the April 30, 2014 decision of Harrison County Common Pleas Court granting summary judgment for Plaintiffs-Appellees Robert B. Myers, Rhoda L. Myers, Jodee Myers, Bruce Myers, Sherrilyn Vantassel, Albert Wright, Jr. (trustee), Scott Myers, Janet Myers, Thomas F. Stanwick, Billie J. Stanwick, James Richardson, John P. Lamb, and Donna R. Lamb.

**{¶2}** Appellees are the surface owners and Appellant is one of the alleged mineral holders. Appellees attempted to have the mineral rights, which previously were severed, deemed abandoned and reunited with the surface estate. Appellees filed suit under the 1989 version of the Ohio Dormant Mineral Act (ODMA) to accomplish that goal. The trial court granted summary judgment for Appellees and found under the 1989 ODMA Appellant abandoned his mineral rights interests and those interests automatically vested with the surface owners, Appellees.

**{¶3}** For the reasons expressed below, the trial court's decision is reversed and remanded.

### Statement of the Facts and Case

**{¶4}** Appellees are the surface owners of approximately 631.0384 acres in Shortcreek Township in Harrison County, Ohio. These land owners bought the surface at various times between 2004 and 2011.

**{¶5}** The parties claiming to be the holders of the mineral interest rights underlying that property can be divided into three groups: 1) Appellant; 2) Bedway Land, Chesapeake Exploration, LLC, and Eric Petroleum Corporation; and 3) McLaughlin Heirs. This appeal deals solely with the mineral interest rights Appellant claims to own. Separate appeals, 14 HA 11 and 14 HA 13 have been filed concerning McLaughlin Heirs; and Bedway Land, Chesapeake Exploration, and Eric Petroleum's claimed mineral interest rights.

**{¶6}** Appellant asserts he acquired his interest in the minerals through intestate succession from Belle McLaughlin, Samuel K. McLaughlin and Hannah

Lucretia McLaughlin Beetham. The mineral interests are claimed to have been derived from three different deeds executed in 1921.

{¶7} In addition to claiming his interest was acquired through intestate succession, Appellant also claims his interest was preserved when his predecessor in interest, Thomas Beetham, recorded a notice of preservation with the Harrison County Recorder on October 13, 1976. Furthermore, Rupert N. Beetham filed an affidavit preserving minerals on March 10, 2011. Exhibit J to the Third Amended Complaint. This affidavit listed Appellant as a mineral owner. Exhibit J to the Third Amended Complaint. Appellant filed an "Affidavit Preserving Minerals" on October 28, 2011. Exhibit L to the Third Amended Complaint.

{¶8} Thereafter, Appellees filed a Declaratory Judgment and Quiet Title complaint against the McLaughlin Heirs, Appellant, Bedway Land, Chesapeake Exploration, and Eric Petroleum. 12/17/12 Complaint; 5/16/13 First Amended Complaint; 1/3/14 Second Amended Complaint; 1/17/14 Third Amended Complaint. Appellees sought to have the trial court declare Appellant, McLaughlin Heirs, and Bedway Lands' mineral interests abandoned and reunited with the surface. The complaint sought relief under the 1989 version of the ODMA, not under the 2006 version of the Act.

{¶9} Appellant filed answers to the complaints. 7/30/13 Appellant's Answer to First Amended Complaint; 2/3/14 Appellant's Answer to Third Amended Complaint.

{¶10} Following discovery, the parties filed their respective summary judgment motions and responses to summary judgment motions. 3/11/14 Appellant's Motion for Summary Judgment; 3/12/14 Appellees' Motion for Summary Judgment; 3/26/14 Appellees' Opposition to Defendants' Summary Judgment Motions; 3/26/14 Appellant's Response to Appellees' Motion for Summary Judgment; 4/2/14 Appellant's Reply. The parties argued their position regarding the application of the 1989 ODMA to the claims at hand. Appellant also argued the 2006 ODMA applies, not the 1989. 3/11/14 Appellant's Motion for Summary Judgment. He asserted Appellees failed to follow the procedures for having minerals deemed abandoned under the 2006 ODMA. 3/11/14 Appellant's Motion for Summary Judgment. He

further argued even if Appellees attempted to follow those procedures they are now precluded by affidavits of preservation. 3/11/14 Appellant's Motion for Summary Judgment. In response to that argument Appellees conceded their claim was premised on the 1989 ODMA. 4/2/14 Appellee's Reply. They did not argue the affidavits do not constitute a claim to preserve or were otherwise inadequate under the 2006 version of the ODMA. 3/26/14 Appellee's Memorandum in Opposition to Defendants' Motions for Summary Judgment. In fact, they asserted they were not required to comply with the 2006 ODMA. 3/26/14 Appellee's Memorandum in Opposition to Defendants' Motions for Summary Judgment; 4/2/14 Appellee's Reply.

**{¶11}** Upon review of the motions, the trial court granted summary judgment for Appellees. 4/30/14 J.E. The trial court, solely applying the 1989 version of the ODMA, found there was abandonment. 4/30/14 J.E. The trial court concluded Thomas Beetham's 1976 affidavit expired on October 13, 1996, and pursuant to the 1989 ODMA, on that date the mineral interest vested in the surface owners. 4/30/14 J.E.

**{¶12}** Appellant timely appealed the decision.

<u>Appellant's Fourth Assignment of Error</u>

"The trial court erred holding that the prior 1989 iteration of R.C. 5301.56 may still be applied after its repeal and amendment in 2006."

**{¶13}** This assignment of error addresses the trial court's application of the 1989 version of the ODMA and its decision to not apply the 2006 version of the ODMA.

**{¶14}** Recently, the Ohio Supreme Court in *Corban* explained the application of the 1989 version of the ODMA and the application of the 2006 version of the ODMA:

The 1989 Dormant Mineral Act was not self-executing and did not automatically transfer ownership of dormant mineral rights by operation of law; rather, the surface holder was required to bring a quiet title action seeking a decree that the mineral rights had been abandoned in order to merge those rights into the surface estate.

The 2006 amendment to the Dormant Mineral Act applies to claims asserted after its effective date and specifies the procedure that a surface holder is required to follow in order to have dormant mineral rights deemed abandoned and merged with the surface estate.

*Corban v. Chesapeake Expl., L.L.C.*, __ Ohio St.3d __, 2016-Ohio-5796, __ N.E.3d __, ¶ 40-41.  *See also Walker v. Shondrick-Nau*, __ Ohio St.3d __, 2016-Ohio-5793, __ N.E.3d __, ¶ 16.

**{¶15}** Application of *Corban* to the matter at hand renders the trial court's grant of summary judgment for Appellees incorrect.

**{¶16}** As explained above, the trial court solely relied on the 1989 version of the ODMA to find the mineral rights were abandoned.  However, the 1989 version was not self-executing and is inapplicable to claims asserted after the 2006 ODMA's effective date.  *Corban.*  The claims in this case were asserted in 2012, long after the effective date of the 2006 ODMA.  Accordingly, in order to have the mineral rights deemed abandoned and reunited with the surface, Appellees were required to follow the procedures set forth in the 2006 ODMA.

**{¶17}** The 2006 ODMA requires notice of abandonment to be provided to mineral holders and a filing of an affidavit of abandonment in the office of the county recorder.  R.C. 5301.56(B) and (E); *Albanese v. Batman*, 148 Ohio St.3d 85, 2016-Ohio-5814, ¶ 21-22 (2016) (Surface owner's service of the notice and filing of the affidavit are required under the 2006 ODMA, R.C. 5301.56(B) and (E)).  In *Albanese,* because the record was devoid of compliance with those provisions, the Supreme Court held the surface owners' proposition of law challenging the trial and appellate courts' interpretation of the 1989 ODMA was moot, and the severed mineral rights remained with the Batmans.  *Id.*, ¶ 22.  Here, Appellees did cause notices of intent to declare abandonment to be published in the local newspaper in Harrison County and filed affidavits of abandonment.  Attachments to Defendants McLaughlin Heirs' Response to Plaintiff's Requests for Production of Documents.  The notices were published on April 2, 2011 and May 14, 2011; the affidavits were filed on May 27, 2011 and June 3, 2011, within the time frame required by 5301.56 (H).

**{¶18}** Therefore, pursuant to *Corban* and *Albanese*, as there is evidence in the record that Appellants preserved their rights under the 2006 ODMA, they are entitled to have summary judgment granted in their favor. Accordingly, the trial court's grant of summary judgment for Appellees is reversed and the matter is remanded with instructions for the trial court to enter summary judgment for Appellants.

<u>Appellant's First, Second, and</u>
<u>Third Assignments of Error</u>

"The trial court erred in holding that the prior 1989 iteration of R.C. 5301.56 provides for a 'rolling look back period.'"

"The trial court erred and abused its discretion by failing to consider the requisite statutory savings event enumerated in R.C. 5301.56."

"The trial court erred by holding that the unidentified plaintiffs are the owners of the unidentified portion of land overlying T. Mark Beetham's coal and oil and gas interests."

**{¶19}** Our resolution of the fourth assignment of error renders the arguments raised in these assignments of error moot.

<u>Conclusion</u>

**{¶20}** The first, second, and third assignments of error are moot. The fourth assignment of error has merit. The trial court's grant of summary judgment is reversed and the matter remanded with instructions for the trial court to enter summary judgment for Appellant.

Donofrio, J., concurs.

DeGenaro, J., concurs.