[Cite as *Myers v. Bedway Land*, 2017-Ohio-1257.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ROBERT B. MYERS, et al., | ) | CASE NO. 14 HA 0013 |
| | ) | |
| PLAINTIFFS-APPELLANTS/ | ) | |
| CROSS-APPELLEES | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BEDWAY LAND AND MINERALS | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES/ | ) | |
| CROSS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common Pleas of Harrison County, Ohio Case No. CVH 2012-0120

JUDGMENT:     Affirmed in part, Reversed in part and Remanded.

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 30, 2017

[Cite as *Myers v. Bedway Land*, 2017-Ohio-1257.]
APPEARANCES:

For Plaintiffs-Appellants/
Cross-Appellees

Atty. James F. Mathews
Atty. Robert J. Tscholl
Baker, Dublikar, Beck,
Wiley & Mathews
400 South Main Street
North Canton, Ohio 44720

For Defendants-Appellees/
Cross-Appellants

Atty. T. Owen Beetham
146 South Main St.
P.O. Box 128
Cadiz, Ohio 43907

Atty. Thomas A. Hill
6075 Silica Rd., Suite A
Austintown, Ohio 44515

Atty. Clay K. Keller
Atty. J. Alex Quay
Jackson Kelly PLLC
17 South Main St., Suite 101B
Akron, Ohio 44308

Atty. Michael Altvater
Babst, Calland, Clements & Zomnir, P.C.
One Cascade Plaza, Suite 1010
Akron, Ohio 44308

Atty. Matthew L. Fornshell
Atty. Nicole R. Woods
Ice Miller, LLP
250 West Street
Columbus, Ohio 43215

Atty. Sandra Zerrusen
Jackson Kelly PLLC
17 South Main Street
Suite 101B
Akron, Ohio 44308

ROBB, P.J.

**{¶1}** Plaintiffs-Appellants/Cross-Appellees Robert B. Myers, Rhoda L. Myers, Jodee Myers, Bruce Myers, Sherrilyn Vantassel, Albert Wright, Jr. (trustee), Scott Myers, Janet Myers, Thomas F. Stanwick, Billie J. Stanwick, James Richardson, John P. Lamb, and Donna R. Lamb appeal the April 30, 2014 decision of Harrison County Common Pleas Court granting summary judgment for Defendant-Appellee/Cross-Appellant Bedway Land and Mineral Company (Bedway Land), Defendant-Appellee/Cross-Appellant Chesapeake Exploration, LLC (Chesapeake), and Defendant-Appellee/Cross-Appellant Eric Petroleum (Eric Petroleum).

**{¶2}** In this case, Appellants/Cross-Appellees are the surface owners and Appellees/Cross-Appellants are the alleged mineral holders. Appellants/Cross-Appellees attempted to have the mineral rights, which previously were severed, deemed abandoned and reunited with the surface estate. Appellants/Cross-Appellees attempted to use the 1989 version of the Ohio Dormant Mineral Act (ODMA) to accomplish that goal.

**{¶3}** For the reasons expressed below, the trial court's decision is affirmed in part, reversed in part, and remanded.

<u>Statement of the Facts and Case</u>

**{¶4}** Appellants/Cross-Appellees are the surface owners of approximately 631.0384 acres in Shortcreek Township in Harrison County, Ohio. These land owners bought the surface at various times between 2004 and 2011.

**{¶5}** The parties claiming to be the holders of the mineral interest rights underlying that property can be divided into three groups: 1) Appellees/Cross-Appellants, 2) McLaughlin Heirs, and 3) Mark Thomas Beetham. This appeal deals solely with the mineral interest rights the Appellees/Cross-Appellants claim to own. Separate appeals, 14 HA 11 and 14 HA 12, have been filed concerning McLaughlin Heirs and Mark Thomas Beetham's claimed mineral interest rights.

**{¶6}** Appellee/Cross-Appellant Bedway Land purchased the mineral rights to a portion of the property at issue in 1984 from William Wehr, who had purchased it in

1966 from Kehota Mining Company. The 1984 deed reflecting the purchase was recorded on December 28, 1984. In 2005, Appellee/Cross-Appellant Bedway Land leased its mineral and gas rights to Mason Dixon Energy, Inc. Those rights eventually were assigned by lease to Appellee/Cross-Appellant Chesapeake in 2011 and to Appellee/Cross-Appellant Eric Petroleum in 2007.

{¶7} Appellants/Cross-Appellees filed a Declaratory Judgment and Quiet Title complaint against the McLaughlin Heirs, Thomas Mark Beetham, and Appellees/Cross-Appellants. 12/17/12 Complaint; 5/16/13 First Amended Complaint; 1/3/14 Second Amended Complaint; 1/17/14 Third Amended Complaint. Appellants/Cross-Appellees sought to have the trial court declare the mineral interest rights in Appellants/Cross-Appellees' surface property deemed abandoned and the mineral rights reunited with the surface. The complaints sought relief under the 1989 version of the Ohio Dormant Mineral Act (ODMA), not under the 2006 version of the Act.

{¶8} Appellees/Cross-Appellants filed answers. 2/13/14 Chesapeake's Answer to Complaint; 6/4/13 Chesapeake's Answer to First Amended Complaint; 6/13/13 Bedway Land's Answer to First Amended Complaint; 6/14/13 Eric Petroleum's Answer to First Amended Complaint; 12/12/13 Eric Petroleum's Amended Answer; 1/17/14 Bedway Land's Answer to Second Amended Complaint; 1/28/14 Bedway Land's Answer to Third Amended Complaint; 2/4/14 Chesapeake's Answer to Third Amended Complaint; 2/5/14 Eric Petroleum's Answer to Third Amended Complaint.

{¶9} Thereafter, the parties filed their respective summary judgment motions and responses to summary judgment motions. 1/2/14 Bedway Land Summary Judgment Motion; 1/3/14 Chesapeake's Motion for Partial Summary Judgment; 1/3/14 Eric Petroleum's Motion for Summary Judgment; 1/8/14 Bedway Land's Summary Judgment Motion; 3/12/14 Appellants/Cross-Appellees' Motion for Summary Judgment; 3/26/14 Bedway Land's Response to Appellants/Cross-Appellees' Motion for Summary Judgment; 3/26/14 Chesapeake's Response to Appellants/Cross-Appellees' Motion for Summary Judgment; 3/26/14 Eric

Petroleum's Response to Appellants/Cross-Appellees' Motion for Summary Judgment; 3/26/14 Appellants/Cross-Appellees' Opposition to Defendants' Summary Judgment Motions; 4/1/14 Bedway Land's Reply in Support of Summary Judgment; 4/2/14 Appellants/Cross-Appellees' Reply; 4/2/14 Eric Petroleum's Reply; 4/2/14 Chesapeake's Reply; 4/21/14 Bedway Land's Reply. The parties' arguments concerned the application of the 1989 ODMA and whether it or the 2006 ODMA applied.

**{¶10}** Upon review of the motions, the trial court granted summary judgment for Appellees/Cross-Appellants. 4/30/14 J.E. The trial court, solely applying the 1989 version of the ODMA, found there was no abandonment. 4/30/14 J.E.

**{¶11}** Appellants/Cross-Appellees filed a timely appeal. Appellees/Cross-Appellants, individually, filed cross assignments of error.

Appellee/Cross-Appellant Bedway Land's
First Assignment of Error

"The trial court erred in holding that both the 1989 and 2006 versions of the Ohio Dormant Mineral Act were applicable to a mineral rights abandonment claim when the claim was not enforced until 2012, after enactment of the 2006 version of the act."

Appellee/Cross-Appellant Chesapeake's
First Assignment of Error

"The trial court erred when it found the 1989 version of the Ohio Dormant Mineral Act applicable to this case."

Appellee/Cross-Appellant Eric Petroleum's
First Assignment of Error

"The trial court erred in concluding at page six (6) of its Judgment Entry dated April 30, 2014, that '[i]f no Savings Event has occurred, pursuant to law, the abandonment and vesting have already taken pace in the case at bar,' thereby approving of a theory of automatic vesting under the 1989 version of the Ohio Dormant Mineral Act, R.C. § 5301.56, and relieving the surface owner of the obligation to plead and prove compliance with the notice requirements of the 2006 version of the Act."

**{¶12}** These assignments of error address the trial court's decision to apply the 1989 version of the ODMA to claims filed after the effective date of the 2006 ODMA. As such, these assignments are addressed simultaneously.

**{¶13}** Recently, the Ohio Supreme Court in *Corban* explained the application of the 1989 version of the ODMA and the application of the 2006 version of the ODMA:

> The 1989 Dormant Mineral Act was not self-executing and did not automatically transfer ownership of dormant mineral rights by operation of law; rather, the surface holder was required to bring a quiet title action seeking a decree that the mineral rights had been abandoned in order to merge those rights into the surface estate.

> The 2006 amendment to the Dormant Mineral Act applies to claims asserted after its effective date and specifies the procedure that a surface holder is required to follow in order to have dormant mineral rights deemed abandoned and merged with the surface estate.

*Corban v. Chesapeake Expl., L.L.C.*, __ Ohio St.3d __, 2016-Ohio-5796, __ N.E.3d __, ¶ 40-41. *See also Walker v. Shondrick-Nau*, __ Ohio St.3d __, 2016-Ohio-5793, __ N.E.3d __, ¶ 16.

**{¶14}** Application of *Corban* to the matter at hand indicates the trial court's conclusion that the mineral rights were not abandoned is correct, albeit for different reasons. As explained above, the trial court relied on the language of the 1989 version of the ODMA to find the mineral rights were not abandoned. However, the 1989 version was not self-executing and is inapplicable to claims asserted after the 2006 ODMA's effective date. *Corban*. The claims in this case were asserted in 2012 long after the effective date of the 2006 ODMA. Accordingly, in order to have the mineral rights deemed abandoned and reunited with the surface, Appellants/Cross-Appellees were required to follow the procedures set forth in the 2006 ODMA.

**{¶15}** The 2006 ODMA requires notice of abandonment to be provided to mineral holders and a filing of an affidavit of abandonment in the office of the county

recorder. R.C. 5301.56(B) and (E); *Albanese v. Batman*, 148 Ohio St.3d 85, 2016-Ohio-5814, ¶ 21-22 (2016) (Surface owner's service of the notice and filing of the affidavit are required under the 2006 ODMA, R.C. 5301.56(B) and (E)). In *Albanese,* because the record was devoid of compliance with those provisions, the Supreme Court held the surface owners' proposition of law challenging the trial and appellate courts' interpretation of the 1989 ODMA was moot, and the severed mineral rights remained with the Batmans. *Id.*, ¶ 22. Further, in *Chesapeake Exploration, L.L.C.* v. *Buell*, 144 Ohio St.3d 490, 2015-Ohio-4551, the Ohio Supreme Court held leases were title transactions pursuant to the 2006 ODMA. *Id.*, ¶ 30. Appellants/Cross-Appellees did file notices of intent to declare abandonment to be published in the local newspaper in Harrison County and filed affidavits of abandonment. Attachments to Defendants McLaughlin Heirs' Response to Plaintiff's Requests for Production of Documents. Those notices were published on April 2, 2011 and May 14, 2011.

**{¶16}** Applying the 2006 ODMA to the facts here, the trial court correctly found that the 1984 quit claim deed, as well as the leases executed before and after it, were title transactions, and that there was no 20 year period where a savings event did not occur.

**{¶17}** Thus, pursuant to 5301.56 and *Buell* the severed mineral rights were not abandoned. Consequently, summary judgment was appropriately granted in Appellees/Cross-Appellants' favor. These assignments of error have merit.

Appellants/Cross-Appellees Assignment of Error

"The trial court erred when it rejected the Appellant's claims to vested oil and gas rights under the 1989 enactment of the dormant mineral act, based upon a memorandum of oil and gas lease (and 'quitclaim' release) relied upon by the Appellees as a 'savings event."

Appellee/Cross-Appellant Bedway Land's<br>Second, Third, and Fourth  Assignments of Error

"The trial court erred in holding that the 1989 version of the Ohio Dormant Mineral Act is constitutional."

"The trial court erred in holding that the relevant 'look back' period under the 1989 version of the Ohio Dormant Mineral Act is a 'rolling' twenty year period rather than the static period of twenty years preceding the act's effective date."

"The trial court erred in holding that the assignment of a parcel ID number by the Harrison County Auditor failed to qualify as a savings event under R.C. 5301.56."

<u>Appellee/Cross-Appellant Eric Petroleum's</u>
<u>Second and Third Assignments of Error</u>

"The trial court erred in failing to find an additional savings event under R.C. § 5301.56(B)(1)(a) of the 1989 version of Ohio Dormant Mineral Act in that the oil and gas rights were conveyed to Defendant-Appellee, Bedway Land and Minerals Company, along with the coal and are, therefore, 'mining or other rights pertinent to or exercisable in connection with an interest in coal."

"The Judgment Entry dated April 30, 2014, is entitled to affirmance because it can be supported as correct on the independent basis, argue before the trial court, that Plaintiffs-Appellants' claims are barred by the statute of limitation found in R.C. § 2305.04 dealing with an action to recover the title to or possession of real property, the applicability of which is contemplated in R.C. § 5301.54."

**{¶18}** The arguments raised in these assignments of error only address the application of the 1989 ODMA. Our resolution of the Appellee/Cross-Appellant Bedway Land's first cross assignment of error, Appellee/Cross-Appellant Chesapeake's first cross assignment of error and Appellee/Cross-Appellant Eric Petroleum's first cross assignment of error renders the arguments raised in these assignments of error moot.

<u>Appellee/Cross-Appellant Bedway Land's</u>
<u>Fifth Assignment of Error</u>

"The trial court erred in its factual description of the mineral interest and its related transactions held by Appellee/Cross-Appellant Bedway Land and Minerals Company."

<u>Appellee/Cross-Appellant Chesapeake's</u>
<u>Second Assignment of Error</u>

"The trial court erred as to certain findings in its April 30, 2014 Judgment Entry."

Appellee/Cross-Appellant Eric Petroleum's<br>Fourth Assignment of Error

"The trial court erred when it made what are believed to be merely clerical errors in its Judgment Entry dated April 30, 2014, in the recitation of particular volume and page references to documents in the chain of title and in describing the quantum of the fractional mineral interest owned by Defendant-Appellee, Bedway Land, and leased to Defendants-Appellees, EPC and Chesapeake."

**{¶19}** It is alleged the trial court made clerical errors in its final judgment entry. Those clerical errors concern the amount of mineral interest Appellee/Cross-Appellant Bedway Land received, and the date and volume and page numbers of filings.

**{¶20}** In regards to the mineral interest, the trial court's judgment entry states Appellee/Cross-Appellant Bedway Land received a 7/8 interest in the mineral rights:

> The Defendant Bedway Land and Mineral Company (Bedway) received a 7/8 interest in the mineral rights herein, including coal, oil and gas by way of Quitclaim Deed. * * * Said memorandum leased approximately 1383.953 acres (including Bedway's disputed Mineral Estate herein).
>
> * * *
>
> Consequently, Plaintiffs own the surface herein and claim the severed minerals pursuant to the 1989 version of the Ohio Dormant Mineral Act. The Defendant Bedway claims a 7/8 interest in the minerals also claimed by Plaintiffs in Shortcreek Township and Defendants Eric Petroleum and Chesapeake Exploration claim interests by way of an oil and gas lease and subsequent assignments.

4/30/14 J.E. pg. 2-3.

**{¶21}** Appellees/Cross-Appellants argue those statements are inaccurate. They assert Bedway Land has a 7/8 mineral interest in a portion of the parcels at issue and an 8/8 interest in the rest. Appellants/Cross-Appellees agree.

**{¶22}** Since the parties agree and the record supports their position, the matter is remanded to the trial court to indicate Bedway Land has a 7/8 interest in the oil and gas underlying the red zone on the Overview Map dated December 13, 2013. However, as to the remaining portion of the surface estate owned by Appellants/Cross-Appellees John and Donna Lamb and Thomas and Billie Stanwick, which are coterminous with the oil and gas interests acquired in 1984, the Bedway interest would be 8/8 (whole interest).

**{¶23}** The parties also agree there are typographical errors in the date and volume and page numbers of filings. The record supports their agreement. As such, the sentence on page two of the judgment entry that reads, "The same being filed on May 25, 1983 and recorded at Lease Book 179, Page 359.", should be changed to, "The same being filed on June 27, 1983 and recorded at Lease Book 68, Page 171." In the following paragraph the sentence, "Thereafter, Mason Dixon Energy, LLC, successor in interest to Burlington Resources Oil & Gas Company L P.(Burlington Resources) at Official Record Book 21, Page 451.", should be changed to, "Thereafter, Mason Dixon Energy, LLC, successor in interest to Burlington Resources Oil & Gas Company L P.(Burlington Resources) at Official Record Book 183, Page 2737." The sentence that follows states, "Burlington Resources assigned their interest to Defendant Eric Petroleum on October 1, 2007 who then signed a partial assignment to Ohio Buckeye Energy L.L.C. on July 15, 2010 at Official Record Book 183, Page 2737." That sentence should be changed to, "Burlington Resources assigned their interest to Defendant Eric Petroleum on October 1, 2007 who then signed a partial assignment to Ohio Buckeye Energy L.L.C. on July 15, 2010 at Official Record Book 185, Page 2110."

**{¶24}** These assignments of error have merit.

Conclusion

**{¶25}** Appellee/Cross-Appellant Bedway Land's first and fifth cross assignments of error, Appellee/Cross-Appellant Chesapeake's first and second cross assignments of error, and Appellee/Cross-Appellant Eric Petroleum's first and fourth cross assignments of error have merit. Appellant's assignment of error, Appellee/Cross-Appellant Bedway Land's second, third, and fourth cross assignments of error, and Appellee/Cross-Appellant Eric Petroleum's second and third cross assignments are moot.

**{¶26}** Although the trial court's reliance on the 1989 ODMA to grant summary judgment for Appellees/Cross-Appellants was in error, summary judgment is still appropriate for Appellees/Cross-Appellants. Pursuant to the Ohio Supreme Court's decision in *Corban*, the 1989 version of the ODMA is inapplicable to claims asserted after the 2006 ODMA's effective date. *Corban*, 2016-Ohio-5796 at ¶ 40-41. The claims were asserted after the effective date of the 2006 ODMA. However, Appellants/Cross-Appellees admittedly did not pursue abandonment under the 2006 ODMA. Consequently, for those reasons summary judgment was appropriately granted in Appellees/Cross-Appellants' favor.

**{¶27}** The matter, however, must be reversed in part and remanded to the trial court to correct clerical errors in its judgment entry.

**{¶28}** Therefore, the trial court's decision is affirmed in part, reversed in part, and the matter is remanded to the trial court to correct clerical errors in its judgment entry.

Donofrio, J., concurs.

DeGenaro, J., concurs.