[Cite as *Conley v. American Premier Underwriters*, 2017-Ohio-5705.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| GENE CONLEY, et al. | ) | |
| | ) | |
| PLAINTIFFS-APPELLEES | ) | |
| | ) | CASE NO. 15 BE 0035 |
| VS. | ) | |
| | ) | OPINION |
| AMERICAN PREMIER | ) | |
| UNDERWRITERS, INC., et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common
Pleas of Belmont County, Ohio
Case No. 14 CV 0277

JUDGMENT:                                   Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellee, Gene Conley        Attorney Jeremy McGraw
                                                              1328 National Road
                                                              Wheeling, West Virginia 26003

For Appellee, State of Ohio                   Attorney Jennifer Barrett
                                                              Assistant Attorney General
                                                              Attorney Tasha Miracle
                                                              Assistant Attorney General
                                                              2045 Morse Road, A-3
                                                              Columbus, Ohio 43229-6693

For   Defendants-Appellants,   American   Attorney Daniel Izenson
Premier Underwriters, Inc. and Ohio Oil &   Attorney William Minor
Gas Holdings, LLC                              One East Fourth Street, Suite 1400
                                                              Cincinnati, Ohio 45202

Attorney for Defendant, Paloma Partners,   Attorney John Keller
III, LLC                                            52 East Gay Street, Suite 1008
                                                              Columbus, Ohio 43215

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:

DeGENARO, J.

{¶1} Defendants-Appellants, American Premier Underwriters, Inc., et al. (APU) appeal the trial court's decision to apply the 1989 version of R.C. 5301.56, Ohio's Dormant Mineral Act and granting summary judgment in favor of Plaintiffs-Appellees, Gene and Joyce Conley.

{¶2} It was error for the trial court to resolve this action by applying the 1989 version of the DMA as the Ohio Supreme Court recently held that the 2006 version controls. Accordingly, the judgment of the trial court is reversed, and the case remanded for the trial court to apply the 2006 version of R.C. 5301.56, pursuant to the Ohio Supreme Court's recent rulings regarding the DMA.

{¶3} The Conleys are the surface owners of certain real property in Belmont County. APU claimed it owned the severed mineral interest underlying that property, and filed a notice of claim of interest with the recorder's office on September 12, 2012. Subsequently, APU conveyed that claimed severed mineral interest to Appellant Ohio Oil & Gas Holdings, LLC (OOGH). OOGH then entered into an oil and gas lease for those severed mineral rights with Appellant Paloma Partners III, LLC.

{¶4} In 2014 the Conleys filed a complaint alleging, inter alia, that the severed mineral interest in the real property had been automatically forfeited to and vested in them as the surface owners by operation of the 1989 version of R.C. 5301.56 as of its effective date in 1992.

{¶5} APU and OOGH's joint answer raised multiple defenses, including challenges to the constitutionality of the 1989 version of the ODMA. The Ohio Attorney General (OAG) intervened to defend the constitutionality of the statute and sought summary judgment on that basis.

{¶6} Appellants and the Conleys filed cross-motions for summary judgment. One of the disputed issues was whether the 1989 or the 2006 version of R.C. 5301.56 controlled. The Conleys argued that the mineral interests were automatically abandoned and vested in them under the 1989 DMA. APU and OOGH argued that the 2006 DMA controlled and they are the lawful owners of the mineral interests

because the Conleys failed to comply with the notice requirements in the 2006 DMA when they sought to declare the mineral interests abandoned. Paloma Partners III's motion for summary judgment centered on the Conleys' conversion and unjust enrichment claims.

{¶7} On May 12, 2015, the trial court granted the Conleys' and the OAG's motions for summary judgment and denied Appellants'. In so doing, the trial court only applied the 1989 version, concluding it was constitutional and pursuant to that version, the severed mineral rights vested in the Conleys as the surface owners.

{¶8} This appeal had been stayed on August 13, 2015, pending the Ohio Supreme Court's decision in multiple cases regarding, inter alia, whether the 1989 or the 2006 version of R.C. 5301.56, the DMA, controls the resolution of disputed claims to severed minerals rights, where the claims were asserted after the effective date of the 2006 version.

{¶9} In *Corban v. Chesapeake Exploration, L.L.C.,* Slip Opinion No. 2016-Ohio-5796 (Sept. 15, 2016), ¶ 2, the Court held "the 2006 version of the Dormant Mineral Act, which is codified at R.C. 5301.56, applies to all claims asserted after June 30, 2006[.]" On October 24, 2016, this case was returned to the active docket.

{¶10} For clarity of analysis, Appellants' two assignments of error will be discussed together as they are interrelated:

The trial court erred in granting Appellees' motion for summary judgment.

The trial court erred in denying Appellants' motion for summary judgment.

{¶11} In *Corban* the Ohio Supreme Court held the 2006 version of R.C. 5301.56 controlled, reasoning in pertinent part:

In accord with this analysis, we conclude that the 1989 law was not self-executing and did not automatically transfer ownership of dormant

mineral rights by operation of law. Rather, a surface holder seeking to merge those rights with the surface estate under the 1989 law was required to commence a quiet title action seeking a decree that the dormant mineral interest was deemed abandoned.

* * *

Dormant mineral interests did not automatically pass by operation of law to the surface owner pursuant to the 1989 law. Thus, as of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288. These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Id.* at ¶ 28, 31.

**{¶12}** This case was filed with the trial court well after June 30, 2006. Granting summary judgment, the trial court only discussed and relied upon facts within the 20 years prior to the effective date of the 1989 version, or within the three-year statutory grace period ending March 22, 1992, and applied its interpretation of the 1989 version of R.C. 5301.56—which it held was constitutional—to those facts. There was no discussion of the law or the facts relative to the 2006 version of R.C. 5301.56 by the trial court. More importantly in this summary judgment action, the Conleys never addressed the 2006 version of the act in their motion for summary judgment other than to argue that it did not apply. Because they did not rely on the 2006 act, they presented no evidence and had no opportunity to address any factual issue pertinent to the 2006 act. As such, issues of fact remain to be resolved by the trial court.

**{¶13}** That the Conleys brought their complaint under the 1989 version of the statute does not change the outcome. In *Albanese v. Batman*, 148 Ohio St.3d 85, 2016-Ohio-5814, 68 N.E.3d 800, ¶ 16-22, the Ohio Supreme Court concluded that

the 2006 version of DMA applied, notwithstanding the fact that plaintiffs' claims were originally framed under the 1989 version.

{¶14} Pursuant to *Corban*, the trial court erred by applying the 1989 version of R.C. 5301.56 and granting summary judgment in favor of the Conleys on that basis. Accordingly, Appellants' first assignment of error is meritorious.

{¶15} As to the second assignment of error, Appellants argue that, had the trial court applied the 2006 version as they urged in their motion, then they would have prevailed. As Appellants concede, "the trial court's opinion * * * is silent with respect to who would prevail if the 2006 DMA is held to apply." We have already determined that questions of fact remain regarding any of the parties' compliance with the 2006 DMA. As such, Appellants' second assignment of error is not ripe for review.

{¶16} Accordingly, the judgment of the trial court is reversed, and the case remanded in order for the trial court to apply the 2006 version of R.C. 5301.56, pursuant to the Ohio Supreme Court's recent ruling in *Corban*.

Donofrio, J., concurs.

Waite, J., concurs.