[Cite as *Schucht v. Bedway Land*, 2017-Ohio-1254.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CHARLES J. SCHUCHT, et al., | ) | CASE NO. 14 HA 0010 |
| | ) | |
| PLAINTIFFS-APPELLANTS/ | ) | |
| CROSS-APPELLEES | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BEDWAY LAND AND MINERALS | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES/ | ) | |
| CROSS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from the Court of Common
Pleas of Harrison County, Ohio
Case No. CVH 2012-0010

JUDGMENT:        Affirmed in part, Reversed in part and
Remanded.

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 30, 2017

[Cite as *Schucht v. Bedway Land*, 2017-Ohio-1254.]

APPEARANCES:

For Plaintiffs-Appellants/         Atty. James F. Mathews
Cross-Appellees                     Atty. Robert J. Tscholl
Baker, Dublikar, Beck,
Wiley & Mathews
400 South Main Street
North Canton, Ohio 44720

For Defendants-Appellees/        Atty. T. Owen Beetham
Cross-Appellants                   146 South Main St.
P.O. Box 128
Cadiz, Ohio 43907

Atty. Thomas A. Hill
6075 Silica Rd., Suite A
Austintown, Ohio 44515

Atty. Clay K. Keller
Atty. J. Alex Quay
Jackson Kelly PLLC
17 South Main St., Suite 101B
Akron, Ohio 44308

Atty. Michael Altvater
Babst, Calland, Clements & Zomnir, P.C.
One Cascade Plaza, Suite 1010
Akron, Ohio 44308

Atty. Matthew L. Fornshell
Atty. Nicole R. Woods
Ice Miller, LLP
250 West Street
Columbus, Ohio 43215

ROBB, P.J.

**{¶1}** Plaintiffs-Appellants/Cross-Appellees Charles J. Schucht, Teresa E. Schucht, and Wilma Schucht appeal the decision of Harrison County Common Pleas Court granting summary judgment in favor of Defendants-Appellees/Cross-Appellants Bedway Land and Minerals Company ("Bedway Land"), Eric Petroleum Corp. ("Eric Petroleum"), and Chesapeake Exploration, LLC ("Chesapeake"). Appellees/Cross-Appellants have filed separate cross assignments of error.

**{¶2}** In this case, Appellants/Cross-Appellees are the surface owners and Appellees/Cross-Appellants are the alleged mineral holders. Appellants/Cross-Appellees attempted to have the mineral rights, which previously were severed, deemed abandoned and reunited with the surface estate. Appellants/Cross-Appellees attempted to solely use the 1989 version of the Ohio Dormant Mineral Act (ODMA) to accomplish that goal. Appellants/Cross-Appellees admittedly did not proceed under the 2006 version of the ODMA.

**{¶3}** For the reasons expressed below, the trial court's decision is affirmed in part, reversed in part, and remanded.

<u>Statement of Case and Facts</u>

**{¶4}** Appellants/Cross-Appellees own approximately 526.7885 acres in Shortcreek Township, Harrison County, Ohio. They acquired the surface estate in the mid-1990s.

**{¶5}** The mineral rights were severed from the surface estate. Bedway Land acquired the mineral rights underlying Appellants/Cross-Appellees' property in 1984 by a quitclaim deed recorded on December 28, 1984. This interest was acquired from William W. Wehr who purchased the mineral rights in 1966 from Kehota Mining Company.

**{¶6}** Chesapeake and Eric Petroleum claim to hold an interest in the mineral rights through an oil and gas lease.

**{¶7}** In an attempt to have the mineral rights reunited with the surface estate, Appellants filed a declaratory judgment and quiet title complaint seeking a declaration from the trial court that under the 1989 version of the ODMA the mineral rights in the

property are abandoned and, as such, vested back to the surface. 2/9/12 Complaint; 1/3/14 First Amended Complaint; 1/17/14 Second Amended Complaint.

{¶8} All defendants filed answers. 4/17/12 Chesapeake's Answer; 4/17/12 Eric Petroleum's Answer; 8/23/13 Bedway Land's Answer; 12/12/13 Eric Petroleum's Amended Answer; 1/17/14 Bedway Land's Answer to Amended Complaint; 1/28/14 Bedway Land's Answer to Second Amended Complaint; 2/4/14 Chesapeake's Answer to Second Amended Complaint; 2/5/14 Eric Petroleum's Answer to Second Amended Complaint.

{¶9} All parties filed summary judgment motions. 1/2/14 Bedway Land's Motion for Summary Judgment; 1/3/14 Chesapeake's Motion for Summary Judgment; 1/3/14 Eric Petroleum's Motion for Summary Judgment; 1/8/14 Bedway Land's Motion for Summary Judgment; 3/12/14 Appellants/Cross-Appellees' Motion for Summary Judgment; 3/26/14 Bedway Land's Motion in Opposition to Appellants/Cross-Appellees' Motion for Summary Judgment; 3/26/14 Chesapeake's Motion in Opposition to Appellants/Cross-Appellees' Motion for Summary Judgment; 3/26/14 Eric Petroleum's Motion in Opposition to Appellants/Cross-Appellees' Motion for Summary Judgment; 3/26/14 Appellants/Cross-Appellees' Motion in Opposition to the Defendants' Summary Judgment Motions; 4/1/14 Bedway Land's Reply in Support of Summary Judgment; 4/2/14 Appellants/Cross-Appellees' Reply in Support of Summary Judgment; 4/2/14 Eric Petroleum's Reply; 4/2/14 Chesapeake's Reply; 4/7/14 Appellants' Reply. Appellees/Cross-Appellants argued the mineral rights were not abandoned under either the 1989 or 2006 version of the ODMA. Appellants/Cross-Appellees asserted the mineral rights were abandoned under the 1989 version of the Act and there was no need to apply the 2006 Act. They admitted if the 2006 version of the Act is applicable then they have not followed the procedures under that Act for the mineral interest rights to be deemed abandoned.

{¶10} On April 21, 2014 the trial court ruled on the summary judgment motions. The trial court found the 1989 version of the ODMA was constitutional. It found both the 1989 and 2006 versions were applicable; however, if the mineral interest rights vested pursuant to the 1989 Act, then any review under the 2006

version became moot. The trial court then found under the 1989 Act the 20 year look back period is a rolling look back. In applying this rolling look back, the trial court found the 1984 quitclaim deed qualified as a title transaction and savings event. It also found leases prior to and after the quitclaim deed qualified as title transactions and savings events. It then concluded there was no 20 year period where a savings event did not occur; under the 1989 Act the interest were not abandoned. As to the 2006 Act, the court indicated the surface owners had not pursued their claims by following the requirements under that Act. Therefore, the trial court granted summary judgment in favor of Appellees/Cross-Appellants and against Appellants/Cross-Appellees. 4/21/14 J.E.

**{¶11}** Appellants/Cross-Appellees timely appealed the decision. Appellees/Cross-Appellants, individually, filed cross assignments of error.

<u>Appellee/Cross-Appellant Bedway Land's</u>
<u>First Assignment of Error</u>

"The trial court erred in holding that both the 1989 and 2006 versions of the Ohio Dormant Mineral Act were applicable to a mineral rights abandonment claim when the claim was not enforced until 2012, after enactment of the 2006 version of the act."

<u>Appellee/Cross-Appellant Chesapeake's</u>
<u>First Cross Assignment of Error</u>

"The trial court erred when it found the 1989 version of the Ohio Dormant Mineral Act applicable to this case."

<u>Appellee/Cross-Appellant Eric Petroleum's</u>
<u>First Cross Assignment of Error</u>

"The trial court erred in concluding at page six (6) of its Judgment Entry dated April 2, 2014, that '[i]f no Savings Event has occurred, pursuant to law, the abandonment and vesting have already taken place in the case at bar,' thereby approving of a theory of automatic vesting under the 1989 version of the Ohio Dormant Mineral Act, R.C. § 5301.56, and relieving the surface owner of the obligation to plead and prove compliance with the notice requirements of the 2006 version of the Act."

**{¶12}** These assignments of error solely address the trial court's decision to apply the 1989 version of the ODMA to claims filed after the effective date of the 2006 ODMA. As such, these assignments are addressed simultaneously.

**{¶13}** Recently, the Ohio Supreme Court in *Corban* explained the application of the 1989 version of the ODMA and the application of the 2006 version of the ODMA:

> The 1989 Dormant Mineral Act was not self-executing and did not automatically transfer ownership of dormant mineral rights by operation of law; rather, the surface holder was required to bring a quiet title action seeking a decree that the mineral rights had been abandoned in order to merge those rights into the surface estate.

> The 2006 amendment to the Dormant Mineral Act applies to claims asserted after its effective date and specifies the procedure that a surface holder is required to follow in order to have dormant mineral rights deemed abandoned and merged with the surface estate.

*Corban v. Chesapeake Expl., L.L.C.*, __ Ohio St.3d __, 2016-Ohio-5796, __ N.E.3d __, ¶ 40-41. *See also Walker v. Shondrick-Nau*, __ Ohio St.3d __, 2016-Ohio-5793, __ N.E.3d __, ¶ 16.

**{¶14}** Application of *Corban* in this case indicates the trial court's conclusion that the mineral rights were not abandoned is correct, albeit for different reasons. As explained above, the trial court relied on the language of the 1989 version of the ODMA to find the mineral rights were not abandoned. However, the 1989 version was not self-executing and is inapplicable to claims asserted after the 2006 ODMA's effective date. *Corban*. The claims in this case were asserted in 2012 after the effective date of the 2006 ODMA. Accordingly, in order to have the mineral rights deemed abandoned and reunited with the surface, Appellants/Cross-Appellees were required to follow the procedures set forth in the 2006 ODMA.

**{¶15}** The 2006 ODMA requires notice of abandonment to be provided to mineral holders and a filing of an affidavit of abandonment in the office of the county recorder. R.C. 5301.56(B) and (E); *Albanese v. Batman*, 148 Ohio St.3d 85, 2016-

Ohio-5814, ¶ 21-22 (2016) (Surface owner's service of the notice and filing of the affidavit are required under the 2006 ODMA, R.C. 5301.56(B) and (E)).  In *Albanese*, because the record was devoid of compliance with those provisions, the Supreme Court held the surface owners' proposition of law challenging the trial & appellate courts' interpretation of the 1989 ODMA was moot, and the severed mineral rights remained with the Batmans.  *Id.*, ¶ 22.  Here, the record is devoid of any compliance with R.C. 5301.56(B) and (E) as set forth in the 2006 ODMA, i.e., there is no indication notice was given to the mineral holders of the surface owner's intent to have the mineral interest deemed abandoned and vested to the surface.  Therefore, pursuant to *Corban* and *Albanese,* summary judgment was appropriately granted in Appellees/Cross-Appellants' favor.  These assignments of error have merit.

Appellants/Cross Appellees' Assignment of Error

"The trial court erred when it rejected the Appellants' claims to vested oil and gas rights under the 1989 enactment of the Dormant Mineral Act, based upon a memorandum of oil and gas lease (and 'quitclaim' release) relied upon by the Appellees as a 'savings event.'"

Appellee/Cross-Appellant Bedway Land's Second,<br>Third, and Fourth Cross Assignments of Error

"The trial court erred in holding that the 1989 version of the Ohio Dormant Mineral Act is constitutional."

"The trial court erred in holding that the relevant 'look back' period under the 1989 version of the Ohio Dormant Mineral Act is a 'rolling' twenty year period rather than the static period of twenty years preceding the Act's effective date."

"The trial court erred in holding that the assignment of a parcel ID number by the Harrison County Auditor failed to qualify as a savings event under R.C. 5301.56."

Appellee/Cross-Appellant Eric Petroleum's<br>Second and Third Cross Assignments of Error

"The trial court erred in failing to find an additional savings event under R.C. § 5301.56(B)(1)(a) of the 1989 version of Ohio Dormant Mineral Act in that the oil and gas rights were conveyed to Defendant-Appellee, Bedway Land and Minerals

Company, along with the coal and are, therefore, 'mining or other rights pertinent to or exercisable in connection with an interest in coal."

"The Judgement Entry dated April 21, 2014, is entitled to affirmance because it can be supported as correct on the independent basis, argued before the trial court, that Plaintiffs-Appellants' claims are barred by the statute of limitations found in R.C. § 2305.04 dealing with an action to recover the title to or possession of real property, the applicability of which is contemplated in R.C. § 5301.54."

**{¶16}** The arguments raised in these assignments of error only address the application of the 1989 ODMA. Our resolution of Appellee/Cross-Appellant Bedway Land's first cross assignment of error, Appellee/Cross-Appellant Chesapeake's first cross assignment of error, and Appellee/Cross-Appellant Eric Petroleum's first cross assignment of error renders the arguments raised in these assignments of error moot.

Appellee/Cross-Appellant Bedway Land's
Fifth Cross Assignment of Error

"The trial court erred in its factual description of the mineral interest and its related transactions held by Appellee/Cross-Appellant Bedway Land and Minerals Company."

Appellee/Cross-Appellant Chesapeake's
Second Cross Assignment of Error

"The trial court erred as to certain findings in its April 21, 2014 Entry."

Appellee/Cross-Appellant Eric Petroleum's
Fourth Cross Assignment of Error

"The trial court erred when it made what are believed to be merely clerical errors in its Judgment Entry dated April 21, 2014, in the recitation of particular volume and page references to documents in the chain of title and in describing the quantum of the fractional mineral interest owned by Defendant-Appellee, Bedway Land and Mineral Company, and leased to Defendants-Appellees, EPC and Chesapeake Exploration, LLC."

**{¶17}** It is alleged the trial court made clerical errors in its final judgment entry. Those clerical errors concern the amount of mineral interest Appellee/Cross-

Appellant Bedway Land received, and the date and volume and page numbers of filings.

**{¶18}** In regards to the mineral interest, the trial court's judgment entry states Appellee/Cross-Appellant Bedway Land received a 7/8 interest in the mineral rights:

> The Defendant Bedway Land and Mineral Company (Bedway) received a 7/8 interest in the mineral rights herein, including coal, oil and gas by way of Quitclaim Deed. * * * Said memorandum leased approximately 1383.953 acres (including the Mineral Estate herein).
>
> * * *
>
> Consequently, Plaintiffs own the surface herein and claim the severed minerals pursuant to the 1989 version of the Ohio Dormant Mineral Act. The Defendant Bedway claims a 7/8 interest in the minerals and Defendants Eric Petroleum and Chesapeake Exploration claim interests by way of an oil and gas lease and subsequent assignments.

4/21/14 J.E. pg. 2-3.

**{¶19}** Appellees/Cross-Appellants argue as to 36 acres, Bedway Land has a 7/8 mineral interest; however, as to the remainder of the surface at issue, Bedway Land has a whole interest ("8/8") in the mineral rights. Appellants/Cross-Appellees agree. 8/20/14 Brief.

**{¶20}** The record supports the parties' position. Accordingly, the matter is remanded to the trial court to indicate Bedway Land has a 7/8 interest in the oil and gas underlying approximately 36 acres of the surface estate and a whole interest (8/8) as to the balance of the mineral estate that is conterminous with the Appellants' surface.

**{¶21}** The parties also agree there are typographical errors in the date and volume and page numbers of filings. The record supports their agreement. As such, the sentence on page two of the judgment entry that reads, "The same being filed on May 25, 1983 and recorded at Lease Book 179, Page 359.", should be changed to "The same being filed on June 27, 1983 and recorded at Lease Book 68, Page 171."

In the following paragraph the sentence, "Thereafter, Mason Dixon Energy, LLC, successor in interest to Burlington Resources Oil & Gas Company L P.(Burlington Resources) at Official Record Book 21, Page 451.", should be changed to, "Thereafter, Mason Dixon Energy, LLC, successor in interest to Burlington Resources Oil & Gas Company L P. (Burlington Resources) at Official Record Book 183, Page 2737." The sentence that follows states, "Burlington Resources assigned their interest to Defendant Eric Petroleum on October 1, 2007 who then signed a partial assignment to Ohio Buckeye Energy L.L.C. on July 15, 2010 at Official Record Book 183, Page 2737." That sentence should be changed to, "Burlington Resources assigned their interest to Defendant Eric Petroleum on October 1, 2007 who then signed a partial assignment to Ohio Buckeye Energy L.L.C. on July 15, 2010 at Official Record Book 185, Page 2110."

**{¶22}** These assignments of error have merit.

Conclusion

**{¶23}** Appellee/Cross-Appellant Bedway Land's first and fifth cross assignments of error, Appellee/Cross-Appellant Chesapeake's first and second cross assignments of error, and Appellee/Cross-Appellant Eric Petroleum's first and fourth cross assignments of error have merit. Appellant's assignment of error, Appellee/Cross-Appellant Bedway Land's second, third, and fourth cross assignments of error, and Appellee/Cross-Appellant Eric Petroleum's second and third cross assignments are moot.

**{¶24}** Although the trial court's reliance on the 1989 ODMA to grant summary judgment for Appellees/Cross-Appellants was in error, summary judgment is still appropriate for Appellees/Cross-Appellants. Pursuant to the Ohio Supreme Court's decision in *Corban*, the 1989 version of the ODMA is inapplicable to claims asserted after the 2006 ODMA's effective date. *Corban*, 2016-Ohio-5796 at ¶ 40-41. The claims were asserted after the effective date of the 2006 ODMA. However, Appellants/Cross-Appellees admittedly did not follow the procedures in the 2006 ODMA to have the mineral rights deemed abandoned. Consequently, for those

reasons summary judgment was appropriately granted in Appellees/Cross-Appellants' favor.

**{¶25}** The matter, however, must be reversed in part and remanded to the trial court to correct clerical errors in its judgment entry.

**{¶26}** Therefore, the trial court's decision is affirmed in part, reversed in part, and the matter is remanded to the trial court to correct clerical errors in its judgment entry.


Donofrio, J., concurs.

DeGenaro, J., concurs.