[Cite as *Hutchens v. Graham*, 2017-Ohio-7829.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GEORGE H. HUTCHENS, ET AL. | JUDGES: |
| | Hon. Patricia A. Delaney, P.J. |
| Plaintiffs-Appellants | Hon. William B. Hoffman, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17 CA 4 |
| DAVID GRAHAM, ET AL. | |
| | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Guernsey County Common
Pleas Court, Case No. 15-OG-209


JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      September 25, 2017

APPEARANCES:

For Plaintiffs-Appellants      For Defendants-Appellees

ANDREW P. LYCANS      JOHN R. ESTADT
ERIC T. MICHENER      KYLE W. BICKFORD
Critchfield, Critchfield & Johnston, Ltd.      Hanlon, Estadt, McCormick
225 N. Market S.      & Schramm, Co. LPA
Wooster, Ohio 44691      46457 National Road West
     St. Clairsville, Ohio 43950

*Hoffman, J.*

**{¶1}**  Plaintiffs-appellants George H. Hutchens, et al. appeal the February 28, 2017 Judgment Entry Nunc Pro Tunc[1] entered by the Guernsey County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees David Graham, et al., and declared Appellees the fee simple owners of the oil and gas mineral estate underlying 30.2 acres of real property located in Londonderry Township, and quieted title in their names.

STATEMENT OF THE FACTS AND CASE

**{¶2}**  This appeal concerns the ownership of mineral rights beneath 30.2 acres of land located in Londonderry Township, Guernsey County, Ohio ("the Property"). On May 28, 1927, Albert West conveyed the surface interests of the Property to W. B. Bay.  West reserved the mineral interests underlying the Property through an express reservation. Bay transferred the surface rights to Bert Robinson on November 17, 1927. Bay also reserved the mineral interest through an express reservation.  On May 16, 1932, the First Trust Savings and Loan of the City of Zanesville obtained the Property via a Sheriff's Deed from Thomas E. Gracy, Sheriff of Guernsey County.  On June 29, 1934, the First Trust Savings and Loan conveyed the Property to Henry A. Buerhaus.  Buerhaus subsequently conveyed the surface interests of the Property to B.H. Boniphant, but reserved the mineral interests underlying the Property through an express reservation. The surface interests were conveyed a number of times over the years.

---

[1] The trial court filed its original Judgment Entry on February 6, 2017.  The trial court issued the Nunc Pro Tunc Entry to include a legal description of the oil and gas mineral estate.

{¶3} Charles E. Hutchens and Martha Hutchens obtained 44 acres of real property, which included the Property, via quit claim deed from Caldwell Savings and Loan Company on December 23, 1983.

{¶4} The 1983 Deed contained the following language:

* * * excepting and reserving from the above described premises the coal as excepted in the [sic] deed given by Albert J. West to W.B. Bay, said deed being dated May 16, 1927 * * *. Also, excepting and reserving all the oil and gas in and under the aforesaid described premises, together with the right to enter thereon at all times for the purpose of drilling and operating for oil and gas, and the right to erect derricks, tanks, buildings and structures thereon, and to lay all necessary pipe lines thereon for the production and transportation of said oil and gas. Being the same premises conveyed to John W. Hannum by Warranty Deed recorded March 29, 1937 * * *

{¶5} Charles Hutchens passed away on September 10, 1990. Martha Hutchens recorded an Affidavit of Survivorship on September 18, 1990. On April 27, 1991, Martha Hutchens sold 14 of the 44 acres to Carmel G. Graham and Phyllis A. Graham. The deed did not include an exception or reservation of the oil and gas rights underlying these 14 acres.

{¶6} On January 29, 1998, Martha Hutchens sold the Property to Carmel and Phyllis Graham.

{¶7} The 1998 Deed contained the following language:

Also excepting and reserving all the oil and gas in and under the aforesaid described premises, together with the right to enter thereon at all times for the purpose of drilling and operating for oil and gas, and the right to erect derricks, tanks, buildings and structures thereon, and to lay all necessary pipe lines thereon for the production and transportation of said oil and gas.

{¶8} Carmel and Phyllis Graham transferred the Property to Appellees on January 8, 2008. The 2008 Deed did not include a property description. Instead, a copy of the first page of the 1998 Deed is attached to the document.

{¶9} On January 5, 2012, Appellees published a Notice of Abandonment in the *Daily Jeffersonian* newspaper, pursuant to the 2006 version of the Ohio Dormant Mineral Act ("2006 ODMA"). The Notice was directed to Henry A. Buerhaus, Albert J. West, Anna M. West, and W.B. Bay, and their unknown heirs and assigns. There is no evidence Appellants were ever provided the requisite notice. On March 1, 2012, Appellees executed and recorded an Affidavit of Abandonment pursuant to R.C. 5301.56(E)(2). In order to complete the abandonment process under the 2006 ODMA, Appellees filed and recorded an Affidavit and Request to Memorialize the Record on April 11, 2012. Appellees executed an oil and gas lease with Eclipse Resources I, LP, on September 20, 2012. The lease was recorded on October 5, 2012.

{¶10} Appellants executed an Affidavit to Transfer Interest in Real Estate on October 22, 2014. The Affidavit was recorded on November 5, 2014. The purpose of the

Affidavit was to transfer the mineral rights underlying the Property to Appellants from Martha Hutchens. On March 9, 2015, Appellants executed an Amended Certificate of Transfer from the Estate of Martha L. Hutchens also with the purpose of transferring the mineral interests underlying the Property. The Amended Certificate of Transfer was recorded on March 17, 2015.

{¶11} On May 18, 2015, Appellant George Hutchens and Jack Hutchens[2] filed suit against Appellees, Stephen Wilson, Henry A. Buerhaus and anyone who might claim the mineral rights through him, and Albert J. West and anyone who might claim the mineral rights through him ("Berhaus and West"). The Complaint sought declaratory judgment pursuant to the 1989 Ohio Dormant Mineral Act ("1989 ODMA") and to quiet title to the mineral interest underlying the Property. Appellant George Hutchens and Jack Hutchens alleged the reserved mineral interests reverted to Martha Hutchens, who owned the surface rights on March 22, 1992, the date on which the 1989 ODMA became effective.

{¶12} Appellees filed an Answer and Counterclaim on July 17, 2015. In their Counterclaim, Appellees sought declaratory judgment and asserted claims of slander of title and tortious interference with business relationships. Because the other defendants failed to answer or otherwise respond to the Complaint, Appellant George Hutchens and Jack Hutchens filed motions for default judgment against Buerhaus and West on October 5, 2015, and Wilson on October 15, 2015, and requested the trial court quiet title to the mineral interests in their names. Appellees filed a motion in opposition to the proposed default judgment order, arguing the title should be quieted in their names as they had

---

[2] Sarah Hutchens was substituted as a party plaintiff in place of Jack Hutchens during the course of the proceedings.

successfully utilized the 2006 ODMA to obtain the mineral interests prior to the filing of the lawsuit.

{¶13}  The parties subsequently submitted an Agreed Order quieting title against Buerhaus and West.  On November 4, 2015, the trial court signed the parties' Agreed Order and, in addition, entered an Order quieting title against Wilson.  The Orders did not specify in whom title was quieted.  Each order included the language, "THIS IS A FINAL, APPEALABLE ORDER, THERE BEING NO JUST REASON FOR DELAY."  Neither party nor the defaulting defendants appealed.

{¶14}  On April 19, 2016, the parties filed cross-motions for summary judgment. The trial court stayed the matter pending the Ohio Supreme Court's decisions in *Walker v. Shondrick-Nau*, ⸺ Ohio St.3d ⸺, 2016-Ohio-5793, ⸺N.E.3d ⸺ , and *Tribett v. Shepherd,* ⸺Ohio St.3d ⸺, 2016–Ohio–5821, ⸺ N.E.3d ⸺, regarding whether the 1989 or the 2006 version of the ODMA controls.

{¶15}  After the Ohio  Supreme Court issued its decision in *Corban v. Chesapeake Expl., L.L.C.,* ⸺ Ohio St.3d ⸺, 2016–Ohio–5796, ⸺ N.E.3d ⸺, the trial court ordered the parties to file status briefs on or before October 28, 2016.  Appellees renewed their motion for summary judgment and moved the trial court to lift the stay.  Via Entry filed November 14, 2016, the trial court lifted the stay, returned the case to the active docket, and ordered the parties to complete additional briefing by December 22, 2016. The parties filed their responses and reply briefs in support of their respective positions.

{¶16}  Via Entry filed January 23, 2017, the trial court granted summary judgment in favor of Appellees.  The trial court dismissed Appellants' Complaint and quieted title to the oil and gas mineral estate in favor of Appellees.  The trial court ordered Appellees to

submit a proposed judgment entry.  The trial court signed the proposed judgment entry on February 6, 2017.  The trial court issued a *Nunc Pro Tunc* Order on February 26, 2017, to include a legal description of the Property.

**{¶17}** It is from these entries Appellants appeal, raising the following as error:


I. THE TRIAL COURT ERRED IN HOLDING THAT THE GRAHAMS COMPLIED WITH THE NOTICE PROVISIONS OF THE DORMANT MINERAL ACT OF 2006.

II. THE TRIAL COURT ERRED IN HOLDING THAT THE AGREED ORDER QUIETED TITLE AGAINST THE DEFAULTING DEFENDANTS IN THE GRAHAMS.


## SUMMARY JUDGMENT STANDARD OF REVIEW

**{¶18}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

**{¶19}** Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary

judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶20} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

I, II

**{¶21}** Because Appellants' assignments of error are intertwined, we shall address them together.

**{¶22}** We must first examine the effect of the November 5, 2015 Agreed Order on the claims of the parties.

**{¶23}** "For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 88. R.C. 2505.02 provides, in relevant part, an order is final when it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" Pursuant to Civ. R. 54(B), "[if] more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." However, the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381.

**{¶24}** In the November 5, 2015 Agreed Order, the trial court quieted title against Buerhaus and West. The trial court did not quiet title in favor of either Appellants or Appellees. The trial court's order leaves unresolved the issue of the ownership of the mineral interests as between the parties. The Agreed Order only addressed the mineral interests as to Berhaus and West, and the trial court's inclusion of Civ. R. 54(B) language did not render the order final as to Appellants and Appellees.

**{¶25}** We now address the state of the mineral interests underlying the Property.

**{¶26}** In *Corban v. Chesapeake Expl., L.L.C.*, —— Ohio St.3d ——, 2016–Ohio– 5796, —— N.E.3d ——, ¶ 26–28, the Ohio Supreme Court held "the 2006 version of the

Dormant Mineral Act applies to all claims asserted after 2006 alleging that the rights to oil, gas, and other minerals automatically vested in the owner of the surface estate prior to the 2006 amendments." *Walker v. Shondrick–Nau*, ––– Ohio St.3d –––, 2016–Ohio–5793, ––– N.E.3d –––, ¶ 16; *Albanese v. Batman*, 148 Ohio St.3d 85, 2016–Ohio–5814, 68 N.E.3d 800, ¶ 16. Accordingly, any arguments by the parties pertaining to the 1989 ODMA are moot. Appellants filed their Complaint in 2015; therefore, the 2006 ODMA applies to the instant matter. *Albanese*, supra at ¶ 16–22.

**{¶27}** The *Corban* Court further held the 1989 ODMA was not self-executing and did not automatically transfer a mineral rights interest from the mineral rights holder to the surface owner by operation of law. Instead, a surface owner seeking to merge those rights with the surface estate under the 1989 ODMA was required to commence a quiet title action seeking a decree that the dormant mineral interest was deemed abandoned. *Id.*at ¶ 28.

**{¶28}** The 2006 ODMA provides a dormant mineral interest "shall be deemed abandoned and vested in the owner of the surface of the lands subject to the interest *if* the requirements established in division (E) of this section are satisfied." (Emphasis added.) *Id.* at ¶ 29; R.C. 5301.56(B). The *Corban* Court explained:

> Dormant mineral interests did not automatically pass by operation of law to the surface owner pursuant to the 1989 law. Thus, as of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288. These procedures

govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Id.* at ¶ 31.

**{¶29}** Charles and Martha Hutchens acquired the original 44 acres in 1983. The 1983 Deed only conveyed the surface rights to them, and specifically reserved the mineral rights subject to the prior reservations. Following Charles Hutchens' death, Martha Hutchens sold 14 of the 44 acres to Carmel and Phyllis Graham in 1991. The deed did not include an exception or reservation of the mineral rights underlying these 14 acres. In 1998, Martha Hutchens sold the Property to Carmel and Phyllis Graham. The 1998 Deed included an express reservation of the mineral rights. However, Martha Hutchens did not have any rights to the mineral interests underlying the Property at that time, therefore, she could not reserve those interests to herself despite the language in the 1998 Deed.

**{¶30}** Appellants contend the mineral rights were abandoned and reunited with the surface pursuant to the 1989 ODMA; and, as such, they are entitled to have the title to the Property quieted in their names. Although we find Appellants' argument reasonable given the state of the law as it related to the 1989 ODMA prior to the *Corban* decision, their position is, nonetheless, erroneous. As discussed, supra, the 1989 ODMA was not self-executing pursuant to *Corban*. In order to have the oil, gas and other mineral rights deemed abandoned and reunited with the surface, Appellants were required to follow the procedures set forth in the 2006 ODMA. Appellants did not follow those procedures.

**{¶31}** On the other hand, Appellees acquired the Property subject to prior reservations, and followed the procedures set forth in the 2006 ODMA. Appellants contend Appellees failed to serve them with the requisite notice pursuant to R.C. 5301.56. Because Appellants were not holders of the mineral interests, Appellees were not required to serve notice on them.

**{¶32}** Based upon the foregoing, we find the trial court did not err in finding Appellees complied with R.C. 5301.56(E), and did not err in ordering title to the Property be quieted in Appellees' names.

**{¶33}** Appellants' first and second assignments of error are overruled.

**{¶34}** The judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Wise, Earle, J. concur