[Cite as *Miller v. Mellot*, 2019-Ohio-4084.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

ALLEN B. MILLER ET AL.,

Plaintiffs-Appellants,

v.

ELBERT MELLOT ET AL.,

Defendants-Appellees.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 18 MO 0004

---

Application for Reconsideration and Motion to Certify a Conflict

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Application for Reconsideration granted. Motion to Certify Conflict Denied.

---

*Atty. Kristopher Justice, and Atty. Daniel Corcoran,* Theisen Brock, 424 Second Street, Marietta, Ohio 45750, for Plaintiffs-Appellants and,

*Atty. Scott Eickelberger, Atty. David Tarbert, and Atty. Ryan Linn,* Kincaid, Taylor, & Geyer, 50 North Fourth Street, P.O. Box 1030, Zanesville, Ohio 43702, for Defendants-Appellees.

Dated: September 30, 2019

**PER CURIAM.**

{¶1} On February 19, 2019, Plaintiffs-Appellants, Allen B. Miller, Matilda J. Miller, Craig M. Miller, Tina E. Miller, Brenda D. Thomas, and Kevin M. Thomas filed an application for reconsideration of our February 6, 2019 decision in *Miller v. Mellott*, 7th Dist. Monroe No. 18 MO 0004, 2019-Ohio-504, in which we affirmed the judgment entry of the trial court dismissing Appellants' Marketable Title Act ("MTA") claim on grounds not addressed by the trial court. That same day, Appellants filed a motion to certify a conflict with several decisions from the Second, Fifth, and Ninth District Courts of Appeals. Defendants-Appellees, Betty Mellott, Mary Hill, Paul Hill, Kathie Hill, Marcia Phelps, Debe Owens, Lawrence Hill, Patricia Hill, Terrence Hill, Jody Hill, and Patricia Herndon, filed their opposition briefs to the application and motion on February 25, 2019. Appellants' replies were filed on March 4, 2019.

{¶2} At issue in both the application for reconsideration and the motion to certify is our conclusion that a root of title must "'contain a fee simple title, free of any oil and gas reservation.'" *Miller, supra,* ¶ 28, quoting *Christman v. Wells*, 7th Dist. Monroe No. 539, 1981 WL 4773, (Aug. 28, 1981), and *Holdren v. Mann*, 7th Dist. Monroe No. 592, 1985 WL 10385, *2 (Feb. 13, 1985). In their application for reconsideration, Appellants argue that our holding in *Miller* is erroneous because we did not undertake the three-step inquiry announced last year by the Ohio Supreme Court in *Blackstone v. Moore*, 155 Ohio St.3d 448, 2018-Ohio-4959, 122 N.E.3d 132. In their motion to certify conflict, Appellants assert that our holding in *Miller* is directly at odds with decisions previously issued by three other Ohio Courts of Appeals.

{¶3} We grant the motion for reconsideration to clarify our holding in *Miller*, that the void in the post-severance/pre-root deed history in the record prevented us from concluding that the exception in the purported root of title was a prior deed reference. We further find that there is no conflict between our holding in *Miller* and *Blackstone, supra,* and the opinions cited by Appellants because the record in those cases contained a complete post-severance/pre-root deed history. Therefore, the motion to certify conflict is overruled.

Case No. 18 MO 0004

## MOTION FOR RECONSIDERATION

**{¶4}** App.R. 26, which provides for the filing of an application for reconsideration in this Court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered. *Deutsche Bank Natl. Trust Co. v. Knox*, 7th Dist. Belmont No. 09-BE-4, 2011-Ohio-421, ¶ 2, citing *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered or not fully considered in the appeal. *Id.*

**{¶5}** An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *Deutsche Bank* at ¶ 2, citing *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism to prevent the possible miscarriage of justice that may arise where an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

## ANALYSIS

**{¶6}** Our decision in *Miller* required the interpretation of two provisions of the MTA, R.C. 5301.47 and R.C. 5301.49. Pursuant to the MTA, a person who has an unbroken chain of title of record to any interest in land for 40 years or more has a marketable record title to such interest. R.C. 5301.48. A marketable record title operates to extinguish interests and claims existing prior to the effective date of the root of title. R.C. 5301.47(A).

**{¶7}** "Root of title" is defined as:

[T]hat conveyance or other title transaction in the chain of title of a person, purporting to create the interest claimed by such person, upon which he relies as a basis for the marketability of his title, and which was the most recent to be recorded as of a date of forty years prior to the time when marketability is being determined.

R.C. 5301.47(E).

{¶8} Where an interest is inherent in the muniments of the chain of title, the MTA operates to extinguish the interest if it is not specifically identified. R.C. 5301.49 reads in pertinent part:

Such record marketable title shall be subject to:

(A) All interests and defects which are inherent in the muniments of which such chain of record title is formed; provided that a general reference in such muniments, or any of them, to easements, use restrictions, or other interests created prior to the root of title shall not be sufficient to preserve them, unless specific identification be made therein * * *.

The three-step inquiry fashioned by the Ohio Supreme Court in *Blackstone* is derived from R.C. 5301.49(A).

{¶9} In *Blackstone*, the root of title was a 1969 deed conveying the real property from Carpenter to Blackstone. The Carpenter deed read, in pertinent part:

[e]xcepting the one-half interest in oil and gas royalty previously excepted by Nick Kuhn, their [sic] heirs and assigns in the above described sixty acres.

*Id.* at ¶ 3.

{¶10} In order to determine whether the MTA extinguished the prior interest, the *Blackstone* Court fashioned a three-step inquiry: (1) Is there an interest described within the chain of title? (2) If so, is the reference to that interest a "general reference"? (3) If the answers to the first two questions are "yes," does the general reference contain a specific identification of a recorded title transaction? *Id.* at ¶ 12. The Ohio Supreme Court answered each inquiry in the affirmative, and concluded that the Kuhn royalty interest could not be extinguished because the prior deed reference was sufficiently specific.

{¶11} In *Miller*, Appellants acquired the property at issue by warranty deed in 2010. Appellants sought a declaratory judgment that they owned a fee simple interest in the property, including the mineral rights, based on the 1959 deed transferring the

property from the Truexs to the Hartlines ("purported root of title deed"), which reads in pertinent part:

> Except coal as formerly sold by Isaac Ward, Dec's; and also except all the oil and gas in and under said real estate.

> Last deed reference:

**{¶12}** Appellants argued that the clause "except all the oil and gas in and under said real estate" is a repetition of severance language from a 1947 deed transferring the real property from the Mellotts to the Knowltons ("purported severance deed"). Appellants then argued that the repetition is not a specific reference as contemplated by R.C. 5301.49(A) and as defined by *Blackstone*, *supra,* and, therefore, the MTA extinguished the prior interest.

**{¶13}** Relevant to the application for reconsideration, the deed history in *Miller* contained a void between the purported severance deed and the purported root of title deed. We acknowledged this fact, writing "[n]o other deeds were provided to the trial court from the time period between the [purported severance deed] in 1947, and the [purported root of title deed] in 1959." *Miller* at ¶ 7. Despite making this factual finding, we recognize that we did not clearly articulate the significance of the void in the post-severance/pre-root deed history as it relates to the *Blackstone* analysis.

**{¶14}** Our holding in *Miller* relied in part on two decisions from this Court in the 1980s. In *Christman*, *supra,* the purported root of title was a 1926 deed, which read, in pertinent part, "[e]xcepting and reserving the one-half oil and gas royalty being 1/16th of the oil produced and 1/2 of the money received from the sale of gas." *Christman, supra,* at *1. The panel found that the 1926 deed contained a repetition of the reservation of royalties from the 1925 severance deed.

**{¶15}** The panel held that "'[t]he interest claimed' by the [surface holders] is an interest free of [the] reservation of royalties, a fee simple." *Id.* As a consequence, the panel concluded that the 1926 deed was not the root of title "because such instrument contains, within it, a repetition of the original exception of all the oil and gas." The panel

Case No. 18 MO 0004

reasoned that the 1926 deed could not be the root of title "because it does not contain a fee simple title free of any such oil and gas exception and reservation." *Id.*

**{¶16}** After disqualifying the 1926 deed, the panel continued back through the deed history and identified a 1923 deed, which transferred a fee simple, as the surface owner's root of title. Because the 1925 severance deed was a title transaction in Christmans' chain, based on the 1923 root, the panel concluded that the MTA did not extinguish the prior mineral interest.

**{¶17}** Likewise, in *Holdren, supra,* the panel recognized that the purported root of title contained a repetition of an oil and gas exception from the prior severance deed. Because the purported root did not convey "a fee simple, free of any such oil and gas exception," the panel continued back through the deed history and identified an 1881 deed, which transferred a fee simple, as the surface holders' root of title. As a result, the severance deed was a title transaction in Holdrens' chain, based on the 1881 root, the panel, with one judge dissenting, concluded that the MTA did not extinguish the prior interest. In his dissent, Judge O'Neill advocated a specific-analysis test, and concluded that the repetition was not specific enough to prevent extinguishment by operation of the MTA. *Id.* at *3-4.

**{¶18}** Returning to *Miller,* Appellants argued that the oil and gas exception in the root of title was a repetition, and, that, post-*Blackstone*, courts must undertake the three-step inquiry to determine whether the prior deed reference is sufficiently specific to survive extinguishment under the MTA. Although we agreed with Appellant's recitation of the law, we found that Appellant's repetition argument could not be substantiated based on the record because of the void in the post-severance/pre-root deed history. In other words, we treated the phrase "except all the oil and gas in and under said real estate" in the purported root of title as an original exception, not a prior deed reference.

**{¶19}** In *Miller*, we observed that the *Christman* and *Holdren* panels "focused on the mere existence of the [repetitions] within the purported root of title deeds to prevent extinguishment pursuant to the MTA and did not examine whether the [repetitions] were general or specific within the root of title deed." *Miller* at ¶ *27.* Because the panels in those cases made a factual finding, based on the complete post-severance/pre-root deed history, that the exception/reservation in the purported roots of title were repetitions from

the severance deed, the holdings in those cases conflict with *Blackstone, supra,* and, as a consequence, they are no longer good law.

{¶20} However, based on the void in post-severance/pre-root deed history in *Miller*, a fact that distinguished the case from *Blackstone*, *Christman*, and *Holdren*, we held that we could not ascertain that the exception in the root of title was a repetition. In the absence of a complete post-severance/pre-root deed history, we treated it as an original exception. Because the 1959 deed contained an original exception, which could not be extinguished by operation of the MTA, we concluded that it did not convey a fee simple title, free of any such oil and gas exception or reservation.

{¶21} Appellants assert that "[i]n the present case, this Court ended the MTA analysis after answering only the first [*Blackstone*] question, yes." (App. To Reopen, p. 3). To the contrary, we did not answer the first inquiry – "[i]s there an interest described within the chain of title" – in the affirmative. Based on the incomplete post-severance/pre-root deed history, we did not find that the purported severance deed was "described" in the purported root of title deed, and, as a consequence, we did not apply *Blackstone*.

{¶22} Next, Appellants argue that "[t]here is no requirement that the root, or any of the subsequent muniments, must be completely free of any references to prior interests." (App. To Reopen, p. 4). The root of title in *Blackstone* contained a reference to a prior interest. The *Christman* and *Holdren* panels reached the same conclusion based on the record in those cases, that is, the post-severance/pre-root deed history established that the exception/reservation was a repetition from a prior deed. However, we found in *Miller* that the void in the post-severance/pre-root deed history prevented us from concluding that the exception/reservation language in the purported root of title was a repetition from the purported severance deed. The void likewise prevented us from continuing back through the deed history to find another potential root, as the record only contained the purported severance deed and the purported root of title.

{¶23} Where the record contains a void in the post-severance/pre-root deed history, and the root of title deed contains what appears to be a repetition of an exception from a prior deed, without any reference to the prior deed, the MTA does not operate to extinguish the prior interest. The *Blackstone* inquiry is undertaken where the root of title, or a deed within the chain, contains a reference to a prior interest. Where, as here, we

Case No. 18 MO 0004

cannot determine whether an exception/reservation is a repetition from a prior deed due to a void in the post-severance/pre-root deed history, we will not presume evidence outside of the record, and, therefore, will not undertake the *Blackstone* analysis.

## **MOTION TO CERTIFY CONFLICT**

**{¶24}** App.R. 25(A) reads, in pertinent part:

A motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order of the court that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App. R. 30(A). * * * A motion under this rule shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed.

**{¶25}** Article IV, Section 3(B)(4) of the Ohio Constitution reads:

Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.

**{¶26}** Hence, the following conditions must be met before and during certification pursuant to Section 3(B)(4), Article IV of the Ohio Constitution:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law – not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court

contends is in conflict with the judgment on the same question by other district courts of appeals. (Emphasis deleted.)

*State v. Agee*, 7th Dist. Mahoning No. 14 MA 0094, 2017-Ohio-7750, ¶ 4, quoting *Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 613 N.E.2d 1032, (1993), paragraph one of the syllabus. In addition, the issue proposed for certification must be dispositive of the case. *Agee* at ¶ 4, citing *State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2.

**{¶27}** Appellants cite seven cases from the Second, Fifth, Eighth and Ninth District Courts of Appeals. Appellants concede in their reply brief that the roots of title in *Pinkney v. Southwick Investments*, 8th Dist. Cuyahoga Nos. 85074, 85075, 2005-Ohio-4167 *Turnpike Com'n v. T.T.R. Media LLC*, 9th Dist. Lorain No. 99CA007470, 2000 WL 1729487, and *Semachko v. Hopko*, 35 Ohio App.2d 205, 215, 301 N.E.2d 560, 566 (8th Dist.1973), contain prior use restrictions. The roots of title in two other cases also contain prior deed references. In *Duvall v. Hibbs*, 5th Dist. Guernsey No. CA-709, 1983 WL 6483 (June 8, 1983), the purported root of title provided that the conveyance was "subject to a deed made to R.S. Hibbs for one-half of said royalty making the amount of royalty for all oil pumped from the wells on said lands after March 1, 1908." *Id.* at *1. In *Edward H. Everett Co. v. Jadoil, Inc.*, 5th Dist. Licking No. CA-3211, 1987 WL 5766 (January 26, 1987), the purported root of title read, "[r]eserving, however, the oil and gas in, under or upon said property and certain rights-of-way, as more definitely set forth in a contract of sale between The Edward H. Everett Company, a corporation, and grantor herein, dated April 14, 1937, and recorded prior hereto in Vol. 65 of Lease Records, at page 319." *Id.* at *2. Finally, *Verona United Methodist Church v. Shock*, 2nd Dist. Preble No. CA 252, 1978 WL 216179, involved a deed creating a fee simple condition subsequent, which is factually distinguishable from exception in the Truex deed here.

**{¶28}** One case remains. In *Milner v. Miller*, 5th Dist. Guernsey No. 91-CA-29, 1992 WL 71526, surface owners brought an action pursuant to R.C. 5301.47 to extinguish a pre-existing claim for the oil and gas underlying the property. The Fifth District identified the root of title as a 1941 deed that read, in pertinent part, "excepting also from the foregoing tracks, all oil and gas in and under said premises and the right to operate and drill for same." The Fifth District concluded that the language in the root of title did not

conform to R.C. 5301.49, because the statute "'requires sufficient reference so that a title examiner may locate the prior conveyance by going directly to the identified conveyance record, without checking conveyance indexes.'" *Id.* at \*2, citing *Duvall, supra,* at \*5.

**{¶29}** *Miller* and *Milner* contain virtually identical language in the purported roots of title. However, it is not clear from the opinion in *Milner* that there was a void in the post-severance/pre-root deed history. Based on this factual distinction, we find no conflict between *Miller* and *Milner,* or any of the cases cited by Appellants.

## CONCLUSION

**{¶30}** In summary, we grant the application for reconsideration to clarify our prior holding, but find no obvious error or unsupportable decision under the law. The motion to certify conflict is denied based on the incomplete post-severance/pre-root deed history in the record.

**JUDGE DAVID D'POLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 18 MO 0004