[Cite as *Hartline v. Atkinson*, 2020-Ohio-5605.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

KERRY R. HARTLINE ET AL.,

Plaintiffs-Appellees,

v.

ELLA J. ATKINSON ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MO 0004**

---

Civil Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2017-101

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed and Remanded

---

*Atty. Daniel Corcoran* and *Atty. Kristopher Justice*, Theisen Brock, 424 Second Street, Marietta, Ohio 45750, for Plaintiffs-Appellees and

*Atty. David Wigham*, Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron, Ohio 44308 and *Atty. Sara Fanning,* Roetzel & Andress, LPA, 41 South High Street, Huntington Center, 21st Floor, Columbus, Ohio 43215, for Defendants-Appellants.

Dated:
December 8, 2020

**Donofrio, J.**

{¶1}    Defendants-appellants, Carole Brandt, David Brandt, Mary Brandt, James Townley Brandt, Jill Brandt, Edward Atkinson Brandt, Jr., Nancy Brandt, Forest Andrew Brandt, Elizabeth Gray Hupp Jensen,  Peter Jensen, Barbara Miller Hupp Wilson, Bradley Wilson, John Weibel, Dorothy Weibel Crowell, Douglas Crowell, Jeffrey Grant Crowell, Lisa Crowell, Kathleen Crowell Winkle, Richard Kevin Winkle, Laurie Cox Humphrey, Buttons Humphrey, W. Lloyd Cox, Jr., Grady Poe, Mary Leslie Smith Donhoff, Alan Donhoff, Stephen Smith, Mollie Smith, Bradley Smith, Madeline Smith, Glenn Roland Smith, Jennifer Smith, Nancy Cooley Brooks, Ellen Gray Brooks, Christopher Wicke, Carol Brooks Ditzel, Alan Ditzel, Paul Brooks, III, Hope Brooks, Katherine Poe Singh Baghel, and Samuel James Quigley (collectively referred to as the Atkinsons), appeal the Monroe County Common Pleas Court judgment granting summary judgment in favor of plaintiffs-appellees, Kerry and Mary Hartline (the Hartlines), on the Hartlines' claim to have the Atkinsons' oil and gas interest declared abandoned and to quiet title in the Hartlines' names.

{¶2}    The Atkinsons are the heirs of Ella Atkinson.  In 1914, Ella conveyed 65.275 acres of property in Monroe County (the Property) to Charles C. Webb by way of the "Atkinson Deed."  The Atkinson Deed stated that the Property was free and clear from all encumbrances "except the vein of coal known as #8 or Pittsburgh Vein; and half the royalty of oil and gas, and the privilege for mining and drilling on said farm" (Atkinson Interest).

{¶3}    In 1918, Charles C. Webb and his wife Belle conveyed their interest to Isaac Ady by way of the "Webb Deed."  The Webb Deed accepted and reserved "the full three fourths (3/4) of all the oil and gas lying into and under the above described tracts of land" (Webb Interest).

{¶4}    Ella died in 1940, survived by her two daughters, Ethel Atkinson and Maude Steele.  Maude died in 1961, leaving her entire interest to her sister Ethel.  Ethel died in 1965, leaving all of her property, including the Atkinson Interest, to Dorothy

Atkinson. Dorothy died in 1980, leaving her property, including the Atkinson Interest, in various shares to the Atkinsons or their ancestors.

{¶5} Charles and Elle Webb had two children and four grandchildren. Defendants Vivian Dillon, Pamela Ensinger, Patricia Rude, and Paul Bierie (the Webbs) are Charles and Elle's grandchildren.

{¶6} In December 2004, the Hartlines acquired title to the surface of approximately 85 acres of land, including the Property which encompasses both the Atkinson Interest and the Webb Interest.

{¶7} On March 6, 2017, the Hartlines filed a complaint asserting ten claims regarding the Atkinson Interest and the Webb Interest. With regard to the Atkinson Interest, the complaint asserted the interest had expired because it lacked any words of inheritance (first claim), it was a limitation on the grantor's warranty (third claim), it had been extinguished by operation of the Marketable Title Act (MTA) (fourth claim), it had been abandoned under the Dormant Mineral Act (DMA) (sixth claim), it had been abandoned under common law (eighth claim), and title to the Atkinson Interest should be quieted in favor of the Hartlines (ninth claim). With regard to the Webb Interest, the complaint asserted it had expired because it lacked words of inheritance (second claim), it had been extinguished by operation of the MTA (fifth claim), it had been abandoned under the DMA (seventh claim), and that title to the Webb Interest should be quieted in favor of the Hartlines (tenth claim).[1]

{¶8} The Hartlines also included a Notice of Abandonment in the complaint. The complaint, and attached Notice of Abandonment, was issued by certified mail to the Atkinsons on March 6 and 7. The complaint was mailed to 56 separate Atkinson defendants in 14 states and the District of Columbia. The complaints with attached Notices arrived on various dates through March 31, 2017.

{¶9} On March 30, 2017, the Hartlines also served by publication a Notice of Abandonment in the *Monroe County Beacon* to all of Ella Atkinson's unknown heirs, spouses, devisees, executors, administrators, next of kin, and assigns.

---

1 As this appeal deals only with the Atkinson Interest, facts and issues relating solely to the Webb Interest will not be further addressed.

**{¶10}** On April 26, 2017, the Hartlines filed an Affidavit of Abandonment. On May 26, 2017, Atkinson appellant Dorothy Crowell recorded an Affidavit of Preservation.

**{¶11}** All parties filed motions for summary judgment. The trial court granted the Hartlines' First Motion for Partial Summary Judgment with respect to their sixth claim. It found that the Atkinson Interest was abandoned and vested in the Hartlines pursuant to R.C. 5301.56(H)(2). The court quieted title in the Hartlines' favor against the Atkinsons with respect to the Atkinson Interest. The court also ruled that the Hartlines' first, third, fourth, and eighth claims were moot. Additionally, the trial court granted the Webbs' motion for summary judgment with respect to the Webb Interest.

**{¶12}** The Atkinsons filed a timely notice of appeal on March 17, 2020. They now raise a single assignment of error.

**{¶13}** The Atkinsons' assignment of error states:

> THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO PLAINTIFFS-APPELLEES.

**{¶14}** An appellate court reviews a summary judgment ruling de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

**{¶15}** A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist. Summit No. 27799, 2015-Ohio-4167, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**{¶16}** If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*;

Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

{¶17} The Atkinsons first argue that the service of a notice of intent to abandon by the clerk of courts as part of a complaint does not comply with the notice requirements of R.C. 5301.56(E)(1). They rely on this court's prior holding that "[t]he inclusion of the notice of abandonment among the complaint and exhibits does not satisfy the notice requirements of R.C. 5301.56." *Miller v. Mellott*, 7th Dist. Monroe No. 18 MO 0004, 2019-Ohio-504, ¶ 33, decision clarified on reconsideration sub nom. *Miller v. Mellot*, 7th Dist. Monroe No. 18 MO 0004, 2019-Ohio-4084, ¶ 33, and reconsideration denied, 7th Dist. Monroe No. 18 MO 0004, 2020-Ohio-237, ¶ 33, and appeal allowed, 157 Ohio St.3d 1562, 2020-Ohio-313, 138 N.E.3d 1163, reconsideration denied, 158 Ohio St.3d 1468, 2020-Ohio-1393, 142 N.E.3d 694. The Atkinsons assert that under these circumstances, the Hartlines have never served them with the Notice of Abandonment and, therefore, failed to abandon the Atkinson Interest under the DMA.

{¶18} In response, the Hartlines first set out a detailed argument why we should affirm the trial court's judgment based on the MTA. They urge us to consider this argument despite the fact that the trial court found their MTA claim moot in light of its ruling that the Atkinson Interest was abandoned and vested in the Hartlines pursuant to the DMA.

{¶19} This court has repeatedly held that although we apply a de novo review to a trial court's summary judgment ruling, we will not rule upon issues raised in summary judgment motions but not considered by the trial court. *Conny Farms, Ltd. v. Ball Resources, Inc.*, 7th Dist. No. Columbiana 09 CO 36, 2011-Ohio-5472, ¶ 15; *Tree of Life Church v. Agnew*, 7th Dist. Belmont No. 12 BE 42, 2014-Ohio-878, ¶ 27; *Fullum v. Columbiana Cty. Coroner*, 7th Dist. Columbiana No. 12 CO 51, 2014-Ohio-5512, 25 N.E.3d 463, ¶ 45.

{¶20} Thus, we will not examine the Hartlines' MTA argument because the trial court explicitly found this claim moot and did not rule on it. Instead, we will consider the Hartlines' argument regarding the ruling the trial court rendered.

**{¶21}** As to their Notice of Abandonment, the Hartlines contend they properly served it as part of the complaint by certified mail, return receipt requested, on many of the Atkinsons on March 6 and 7, 2017. Due to the number of people involved and the numerous states that the Notice was mailed to, the Notices arrived at the various Atkinsons' residence on twelve different dates (March 8, 9, 10, 11, 13, 15, 16, 17, 20, 21, 29, and 31, 2017). They served the remaining Atkinsons by publication in a newspaper of general circulation on March 30, 2017. Thus, they contend they complied with R.C. 5301.56(E)(1).

**{¶22}** The Hartlines argue that this case is not akin to *Miller*, 2019-Ohio-504, because they did not simply "stick" the Notice of Abandonment in the middle of their complaint like the plaintiffs in that case.

**{¶23}** Pursuant to R.C. 5301.56(E)(1):

(E) Before a mineral interest becomes vested under division (B) of this section in the owner of the surface of the lands subject to the interest, the owner of the surface of the lands subject to the interest shall do both of the following:

(1) Serve notice by certified mail, return receipt requested, to each holder or each holder's successors or assignees, at the last known address of each, of the owner's intent to declare the mineral interest abandoned. If service of notice cannot be completed to any holder, the owner shall publish notice of the owner's intent to declare the mineral interest abandoned at least once in a newspaper of general circulation in each county in which the land that is subject to the interest is located. The notice shall contain all of the information specified in division (F) of this section.

(2) At least thirty, but not later than sixty days after the date on which the notice required under division (E)(1) of this section is served or published, as applicable, file in the office of the county recorder of each county in which the surface of the land that is subject to the interest is located an affidavit of abandonment that contains all of the information specified in division (G) of this section.

Case No. 20 MO 0004

Thus, pursuant to this section, a surface owner attempting to reunite the surface with the mineral interest must attempt notice by certified mail to each mineral interest holder of the surface owner's intent to declare the mineral interest abandoned. If the surface owner cannot complete notice by certified mail, then the surface owner may use notice by publication.

{¶24} In *Miller*, 2019-Ohio-504, this court addressed a similar situation where the plaintiffs included their notice of abandonment in their complaint. In that case, the trial court found the plaintiffs' complaint was not equivalent to a notice of abandonment. *Id*. at ¶ 33. On appeal, the plaintiffs argued that including the notice of abandonment within the underlying complaint should satisfy R.C. 5301.56(E)'s notice requirements. *Id*.

{¶25} This court found that while the plaintiffs stated there was a separate notice of abandonment attached to the complaint, this was not accurate. *Id*. We pointed out that the notice of abandonment began on the last page of the complaint under counsel's signature and was not a separate document. *Id*. Additionally, we noted that the notice was followed by the exhibits to the complaint, leaving it "essentially stuck in the middle" of the complaint. *Id*. We found that the manner in which the plaintiffs included the notice within the complaint created confusion upon service where the party served is advised in the summons that a complaint has been filed against him/her and they are required to serve an answer to the complaint no later than 28 days after service of the summons. *Id*. In sum, we found: "The inclusion of the notice of abandonment among the complaint and exhibits does not satisfy the notice requirements of R.C. 5301.56 and the trial court correctly determined that the Appellants' 2017 attempt to declare the interest abandoned under the DMA was without merit, warranting judgment in favor of Appellees." *Id*.

{¶26} In the case at bar, the trial court found that the Hartlines substantially complied with R.C. 5301.56(E)(1)'s requirements. But it never specifically addressed the service of the Notice of Abandonment as part of the complaint.

{¶27} The Hartlines included the Notice of Abandonment at the end of the complaint, after the signature page. It is followed by the exhibits to the complaint. The Notice begins at the top of the page and, as the Hartlines point out, is labeled "**Notice of Abandonment (O.R.C. § 5301.56)**" in bold, oversized 14-point font. Additionally, the first page of the complaint is titled, "Complaint for Declaratory Judgment and to Quiet Title

and Notice of Abandonment." The Hartlines argue these things distinguish this case from *Miller*.

{¶28}    While there are some differences between the Notice of Abandonment in this case and the one in *Miller*, the two cases are still very similar. In both cases, the notice was sandwiched between the body of the complaint and the exhibits. The notice was not a separate document in either case. Additionally, this court's concern expressed in *Miller*, that the way in which the plaintiffs included the notice within the complaint created confusion upon service where the party served is advised in the summons that a complaint has been filed and they are required to serve an answer to the complaint no later than 28 days after service of the summons, would apply equally in this case as well. Thus, pursuant to *Miller*, we find the Hartlines' Notice of Abandonment was ineffective under the DMA.

{¶29}    Moreover, pursuant to R.C. 5301.56(B), "any mineral interest held by any person, other than the owner of the surface of the lands subject to the interest, shall be deemed abandoned and vested in the owner of the surface of the lands subject to the interest if the requirements established in division (E) of this section are satisfied[.]" Thus, until the surface owner satisfies the two requirements set out in R.C. 5301.56(B), the mineral interest is not deemed abandoned and vested in the surface owner.

{¶30}    The complaint in this case asserted that as of the date of the complaint, the mineral interest had already been abandoned and vested in the surface owner. But actually that cause of action had yet to accrue. The mineral interest could not be deemed abandoned and vested in the surface owner until (1) the notice of abandonment was served to each holder or each holder's successors or assignees or served by publication and (2) an affidavit of abandonment was filed in the county recorder's office, at least 30, but not later than 60 days after the date on which the notice was served or published. R.C. 5301.56(E). Thus, as of the date of the complaint, the Hartlines had not yet completed the steps necessary under the DMA's abandonment procedures.

{¶31}    Because the Notice of Abandonment was ineffective, the remaining arguments raised by the parties to this appeal are moot. "[T]he surface owner's service of the notice and filing of the affidavit are required under the 2006 ODMA, and if those requirements are not met, the severed mineral interest cannot be deemed abandoned

and instead remains with the mineral-interest holder." *Albanese v. Batman*, 148 Ohio St.3d 85, 2016-Ohio-5814, 68 N.E.3d 800, ¶ 21.

**{¶32}** The Hartlines failed to comply with the DMA's notice requirement by including the Notice of Abandonment in the complaint and not separately serving the Atkinsons with the Notice.

**{¶33}** Thus, the Atkinsons' sole assignment of error has merit and is sustained.

**{¶34}** For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded to the trial court for further proceedings. On remand, the trial court is to consider the other claims raised by the Hartlines, which it previously found to be moot, including their claim under the MTA.

Waite, P. J., concurs.
Robb, J., concurs.

———————————

For the reasons stated in the Opinion rendered herein, the sole assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is reversed and the matter is remanded. On remand, the trial court is to consider the other claims raised by the Hartlines, which it previously found to be moot, including their claim under the Marketable Title Act. Costs to be taxed against the Appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**